DECISION AND JUDGMENT ENTRY
{¶ 1} John Whitt appeals his conviction for complicity to commit aggravated robbery, arguing that the trial court violated his right to a speedy trial under R.C. 2945.71. We agree. Whitt's motion to dismiss presented a prima facie case for discharge under R.C. 2945.73(B). At that point, the burden of proof shifted to the state to show that the R.C. 2945.71 time limitations had not expired. However, the trial court never scheduled a hearing and the state did not respond to the motion. In light of the absence of evidence to rebut Whitt's prima facie case, we are required to order Whitt discharged. Accordingly, we reverse the court's judgment and order Whitt discharged under R.C. 2945.73(B).
 I. Facts {¶ 2} On the morning of April 6, 2004, John Whitt, Bonnie Fitzgerald, and Ronnie Cox were driving around looking for a means to obtain more drugs. Eventually, they ended up at the Hallmark Pharmacy in Wheelersburg, Ohio. Whitt, Fitzgerald, and Cox disagree about the events that led them to the pharmacy and their reason for being at the pharmacy. However, it is undisputed that Cox entered the pharmacy and inquired about the price of Loracets. After learning the price, Cox returned to the vehicle. A few minutes later, Cox reentered the pharmacy with a pellet gun tucked into the front of his pants. Inside the pharmacy, Cox showed the gun to two employees and told them that he wanted their Loracets. After the employees gave him two large bottles of Loracets, Cox left the pharmacy.
 {¶ 3} In the days following the robbery, the Scioto County Sheriff's Office arrested Cox, Fitzgerald, and Whitt. Subsequently, on April 27, 2004, the grand jury indicted Whitt on one count of aggravated robbery in violation of R.C. 2911.01(A)(1). In July 2004, Whitt filed a demand for discovery and a request for a bill of particulars. Two months later, on September 22, 2004, Whitt filed a motion to dismiss on speedy trial grounds. There is nothing in the record to indicate that the state responded to the motion or that a hearing occurred on the motion. Moreover, there is no indication in the record that the trial court ever ruled on the motion.
 {¶ 4} The day after Whitt filed his motion to dismiss, the state finally filed its discovery responses. Four days later, Whitt filed another motion to dismiss, arguing that the state "has not demonstrated in its discovery that it will be able to show that the elements of [aggravated robbery] have been committed." Trial on the aggravated robbery charge began on September 27, 2004. Before trial, the court heard arguments on Whitt's second motion to dismiss and overruled the motion. After a two-day trial, the jury convicted Whitt of complicity to commit aggravated robbery. Subsequently, the trial court sentenced Whitt to ten years in prison, the maximum sentence allowed by law. Whitt now appeals, raising eight assignments of error.
 II. Assignment of Error {¶ 5} Since Whitt's eighth assignment of error is dispositive, we have not set forth or addressed the others:
ASSIGNMENT OF ERROR NO. 8 The trial court violated Appellant's right to a speedy trial under R.C. 2945.71 and 2945.73, by failing to try Appellant within 270 days of his arrest on this charge. This error deprived Appellant of his right to a speedy trial guaranteed by the Ohio General Assembly.[1]
 {¶ 6} In this assignment of error, Whitt argues the trial court violated his statutory right to a speedy trial under R.C. 2945.71. Specifically, he argues the court failed to try him within the ninety day time period prescribed by R.C. 2945.71(C)(2) and (E).
 III. Speedy Trial {¶ 7} On September 22, 2004, Whitt filed a motion to dismiss on speedy trial grounds. Because there is no indication in the record that the trial court ruled on the motion before proceeding to trial, we presume the court overruled it. See Brannan v. Fowler (1995),100 Ohio App.3d 577, 581, 654 N.E.2d 434; State v. Hines (2001),145 Ohio App.3d 792, 764 N.E.2d 1040, fn.2. Thus, we address the merits of whether the trial court properly overruled the motion. See Brannan.
 A. Standard of Review {¶ 8} Our review of a trial court's decision regarding a motion to dismiss for violation of the speedy trial provisions involves a mixed question of law and fact. State v. Brown (1998), 131 Ohio App.3d 387,391, 722 N.E.2d 594. We accord due deference to the trial court's findings of fact if they are supported by competent, credible evidence.Id. However, we independently determine whether the trial court properly applied the law to the facts of the case. Id. When reviewing the legal issues in a speedy trial claim, we must strictly construe the statutes against the state. See Brecksville v. Cook, 75 Ohio St.3d 53, 57,1996-Ohio-171, 661 N.E.2d 706. See, also, Brown, supra.
 B. Statutory Analysis {¶ 9} R.C. 2945.71(C)(2) requires the state to bring a felony defendant to trial within two hundred seventy days of arrest. However, if the defendant remains in jail in lieu of bail solely on the pending charge, then each day is counted as three days. R.C. 2945.71(E). This is known as the triple-count provision. Under this provision, when a felony defendant is held in jail in lieu of bail solely on the pending charge, the state must bring the defendant to trial within ninety days. See R.C. 2945.71, 1973 Legislative Service Commission Commentary. If the state fails to bring a defendant to trial within the statutory timeframe, then the court must discharge the defendant upon his motion. R.C. 2945.73(B).
 {¶ 10} A defendant presents a prima facie case for discharge under R.C. 2945.73(B) by alleging that he was held in jail solely on the pending charge and then demonstrating that the state failed to bring him to trial within the limits imposed by the triple-count provision. SeeState v. Butcher (1986), 27 Ohio St.3d 28, 30-31, 500 N.E.2d 1368. Once the defendant has established a prima facie case, the burden of proof shifts to the state to show that the R.C. 2945.71 time limitations have not expired. See Id. at 31. The state satisfies this burden by demonstrating either (1) that the time was extended by R.C. 2945.72, which sets forth events that toll the speedy-trial time limit, or (2) that the defendant is not entitled to use the triple-count provision in R.C. 2945.71(E). See State v. McGhee, Lawrence App. No. 04CA15,2005-Ohio-1585, at ¶ 39, citing Butcher, supra. See, also, State v.Eldridge, Scioto App. No. 02CA2842, 2003-Ohio-1198, at ¶ 6; State v.Green, Ross App. No. 01CA2641, 2002-Ohio-3403, at ¶ 10. If the state fails to produce evidence to rebut the defendant's prima facie case, then the court must discharge the defendant. See State v. Price (1997),122 Ohio App.3d 65, 68, 701 N.E.2d 41, citing Butcher, supra.
 {¶ 11} Before engaging in an analysis of Whitt's speedy trial argument, we address a preliminary issue. In May 2005, we permitted Whitt to supplement the appellate record with the record in Scioto County Court of Common Pleas Case Nos. 03-CR-250[2] and 04-CR-452, as well as the record in Portsmouth Municipal Court Case No. 04-CRA-1053. However, our review reveals that these records were not a part of the trial court's proceedings in this case. Consequently, we cannot consider them on appeal. See State v. Ishmail (1978), 54 Ohio St.2d 402, 377 N.E.2d 500, paragraph one of the syllabus ("A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.")
 {¶ 12} In his motion to dismiss filed September 22, 2004, Whitt indicated that the Sheriff's Office arrested him on April 14, 2004, and that he has remained in jail ever since. He stated: "Defendant has been held at the Scioto County Jail for 210 consecutive days without being brought to trial; giving Defendant his 3-for-1 credit, pursuant to R.C. 2945.71(E), Defendant should be released for failure to prosecute." However, Whitt's calculations are incorrect. The period of time from his alleged arrest, not counting the day of arrest, until he filed his motion to dismiss is 161 days, not 210 days. Nonetheless, this is still beyond the ninety-day time limit imposed by R.C. 2945.71(C) and (E).
 {¶ 13} To support his motion to dismiss, Whitt attached a copy of the docket sheet in the current case. The docket sheet begins with the filing of the indictment on April 27, 2004. He also attached a document containing information about Portsmouth Municipal Court Case No. 0401053. The document, which appears to be from an internet database, is divided into sections. The section entitled "Violation Information" describes the violation as complicity to aggravated robbery and identifies the file date as April 14, 2004. However, nothing in the document indicates that Whitt was arrested on this date. And while there is some evidence that the Sheriff's Office arrested Whitt on April 14th, that information came from the trial testimony.[3] Since any ruling on a motion to dismiss for violation of speedy trial rights would necessarily occur before trial, we cannot consider this trial testimony when determining if the trial court should have granted Whitt's motion.
 {¶ 14} Although Whitt's motion to dismiss states that the Sheriff's Office arrested him on April 14th, the documents attached to his motion fail to support this statement. And while Whitt sought to supplement the appellate record with the municipal court record in order to show that his arrest occurred on April 14th, we cannot consider this evidence on appeal. See our discussion above. As there is no evidence that Whitt was arrested on April 14th, we will use May 6, 2004, the date of Whitt's arraignment in the present case, as our starting date.[4] The record shows that Whitt was in jail at the time of his arraignment. Additionally, although the trial court set bail at the arraignment, there is no evidence that Whitt posted bail. Thus, the record indicates that Whitt was held in jail in lieu of bail from his arraignment on May 6, 2004 until his trial on September 27, 2004. This is a period of 144 days. Since Whitt was incarcerated and his motion alleged that he was entitled to the "3-for-1 credit" under R.C. 2945.71(E), he established a prima facie case for discharge under R.C. 2945.73(B). See State v.Armstrong (April 22, 1996), Scioto App. No. 95CA2346. The burden of proof then shifted to the state to show that the speedy-trial time limit had not expired. See Butcher, 27 Ohio St.3d at 31.
 {¶ 15} However, the state failed to respond to the motion or to produce any evidence to rebut Whitt's prima facie case for discharge. The state offered no evidence showing that Whitt was not entitled to use the triple-count provision of R.C. 2945.71(E). See, e.g., Butcher at 31. Additionally, the state offered no evidence showing that the speedy-trial time was extended under R.C. 2945.72. See, e.g., Price,122 Ohio App.3d at 68-69.
 {¶ 16} The state could argue that it did not have an opportunity to produce evidence rebutting Whitt's prima facie case due to the trial court's failure to hold a hearing on Whitt's motion. However, because they are designed to implement federal and state constitutional guarantees, the speedy trial statutes are mandatory and must be strictly enforced against the state. See State v. Pachay (1980), 64 Ohio St.2d 218,221, 416 N.E.2d 589. See, also, State v. Dotson (Nov. 5, 1999), Highland App. No. 99CA03; State v. Shilling (Dec. 30, 1996), Washington App. No. 96CA30. Here, Whitt filed his motion to dismiss prior to the commencement of trial as required by R.C. 2945.73(B). Moreover, the motion and attached documents presented a prima facie case for discharge under R.C. 2945.73(B). Thus, Whitt satisfied his obligation to raise the speedy trial issue and the obligation to set the matter for a hearing was the court's, not his. Once Whitt established a prima facie case for discharge, the burden of proof shifted to the state to show that the speedy-trial time limit had not expired. See Butcher, supra. Because the state failed to satisfy this burden, we are required to order Whitt discharged. See, e.g., Price, supra.
 {¶ 17} Accordingly, we reverse the trial court's judgment and order Whitt discharged under R.C. 2945.73(B).
Judgment Reversed.
[1] We allowed Whitt to supplement his brief with this assignment of error while this appeal was pending. Although we gave the state ten days to file a supplemental response, it chose not to respond.
[2] Our entry contained a typographical error. Whitt sought to supplement the appellate record with the record in Scioto County Court of Common Pleas Case No. 03-CR-450.
[3] At trial, Detective Jodi Conkel of the Scioto County Sheriff's Office testified that she arrested Whitt on April 14, 2004.
[4] Because of the uncertainty of the record, we cannot tell when Whitt was arrested. Therefore, we have chosen to use the date of Whitt's arraignment as the starting date for speedy trial purposes. However, if we had applied an earlier date, such as the date of the service of summons, the outcome would be the same. In fact, if we had applied an earlier date, the case for discharge would be even stronger.