DECISION AND JUDGMENT ENTRY
{¶ 1} Don C. Ellis appeals his conviction and sentence for aggravated arson, a violation of R.C. 2909.02(A)(2). Ellis contends that the trial court erred by failing to suppress two separate statements that he made to law enforcement officers in violation of his rights under the Fifth
and Fourteenth Amendments of the United States Constitution, and Article I, Sections 10 and 16 of the Ohio Constitution. Ellis contends that, because the prosecution bears the burden of proving the voluntariness of his statements, the state's failure to produce any evidence regarding his first statement at the suppression hearing means that the trial court must accept the facts asserted in his motion as true and grant his motion. We disagree, because even if Ellis's motion sufficiently challenged the constitutionality of his first statement, Ellis induced the alleged error by: (1) filing his motion to suppress at the last minute; and (2) leading the *Page 2 
court and the prosecutor to believe that the only issue at the suppression hearing was the voluntariness of his Miranda waiver before giving his later, videotaped statement. Moreover, because the only argument Ellis advances to support his contention that the trial court erred in admitting his later videotaped statement is his unsuccessful argument that the trial court improperly admitted his first statement, we conclude that it has no merit.
 {¶ 2} Ellis also contends that the trial court erred when it ordered him to pay the costs of prosecution and restitution without first determining his present and future ability to pay. Because we find that neither the transcript of the sentencing hearing, nor the judgment entry contains any indication that the court considered Ellis's ability to pay, as required by R.C. 2929.29(B)(6), when it imposed financial sanctions under R.C. 2929.18(A)(1) and (4), we find this assignment of error has merit. However, because we find that R.C. 2947.23 requires a sentencing court to impose the costs of prosecution against all defendants without regard to their ability to pay, we affirm the trial court's imposition of those costs against Ellis.
 {¶ 3} Finally, Ellis contends that the trial court's imposition of a greater than minimum sentence in accordance with the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, violated the Due Process and Ex Post Facto Clauses of the United States Constitution by retroactively eliminating a statutory presumption in favor of minimum sentences for offenders who have not previously served a prison term. Based upon our holding in State v. Grimes, Washington App. No. 04CA17, 2006-Ohio-6360, we disagree. Accordingly, we affirm the trial court's *Page 3 
judgment in part, reverse it in part, and remand this cause for further proceedings consistent with this opinion.
 I. {¶ 4} In the early morning hours of September 24, 2005, the Ramada Inn in Portsmouth, Ohio caught fire. Firefighters contained the blaze and began to investigate the origin of the fire. Witnesses at the scene provided a physical description of a possible suspect. A police officer discovered Ellis, who matched that physical description, sitting in front of a nearby Kroger. Ellis agreed to go to the scene of the fire with the officer to see if the witnesses could identify him. Ellis then remained at the scene of the fire for approximately two hours. During that time, Ellis spoke with fire and law enforcement officials regarding his involvement in the fire. Thereafter, he went to the police station, where he gave a videotaped statement in which he admitted to setting the fire.
 {¶ 5} After Ellis gave his videotaped statement, the police arrested him. Captain Bill Raison of the Portsmouth Fire Department filed a complaint in the Portsmouth Municipal Court, charging Ellis with aggravated arson. Thereafter, a Scioto County Grand Jury indicted Ellis on one count of aggravated arson, in violation of R.C. 2909.02(A)(2), a felony of the second degree.
 {¶ 6} The record reflects that Ellis initially entered a not guilty plea. He later executed a waiver of his trial rights, withdrew his not guilty plea and entered a plea of guilty. On April 6, 2006, Ellis moved the court to withdraw his guilty plea. The court granted his motion and set the case for jury trial on April 10, 2006. *Page 4 
 {¶ 7} In the interim, Ellis filed a motion on March 2, 2006, seeking to suppress any oral or written statements he made in violation of his constitutional rights. In his motion, Ellis alleged that a state fire marshal detained him for questioning at the Portsmouth Police Department on September 24, 2005, at which time Ellis provided a statement incriminating himself. Ellis conceded that before questioning, the fire marshal read him his rights, as required by Miranda v. Arizona (1966),384 U.S. 436, but asserts that his waiver of his rights was not knowing, intelligent, or voluntary because he was "heavily intoxicated."
 {¶ 8} On Friday, April 7, 2006 at 4:26 p.m., with his trial scheduled to begin the following Monday morning, Ellis filed a second motion to suppress any oral or written statements he made in violation of his constitutional rights. In his motion, Ellis alleged that the police "seized" him for questioning and transported him to the scene of the fire, where they proceeded to question him for several hours without giving him Miranda warnings.
 {¶ 9} The court conducted a hearing upon Ellis's motion to suppress at 8:00 a.m. on Monday, April 10, 2006, immediately before commencing the jury trial. At the conclusion of the hearing, the court orally overruled Ellis's motion to suppress. Ellis did not request any findings of fact or conclusions of law.
 {¶ 10} The matter proceeded to a jury trial. The state presented the testimony of Jerry Colley, Josh Burkhart, and Jeffrey James, who were all present at the Ramada Inn on the night of the fire. The state also presented testimony from Sgt. Mike J. Hamilton, of the Portsmouth Police Department; Josh Hobbs, an arson and fire investigator from *Page 5 
the State Fire Marshal's Office; and Capt. Raison. Over defense counsel's objection, the court permitted Sgt. Hamilton to testify about his conversation with Ellis at the fire scene. In that conversation, Sgt. Hamilton told Ellis that he believed Ellis started the fire, and that Ellis then admitted to doing so. Thereafter, Ellis described how he started the fire and walked Sgt. Hamilton through the building showing him other areas where he attempted to light fires. After the state rested its case, Ellis presented the testimony of Kristy Powell, Jacob Thompson, Scott Frasure, and Tina Throckmorton. Ellis also testified in his own defense.
 {¶ 11} The jury returned a guilty verdict. The trial court proceeded to sentence Ellis to four years in prison. Additionally, the court ordered Ellis to pay the costs of prosecution and any fees permitted under R.C. 2929.18(A)(4). At the sentencing hearing, defense counsel objected to the imposition of more than a minimum term of incarceration upon someone who has never served a prison term. However, the court overruled the objection.
 {¶ 12} Ellis appeals and raises the following assignments of error: I. "The trial court erred when it imposed costs of prosecution and restitution without first determining Appellant's present and future ability to pay." II. "The trial court erred when it permitted the jury to consider testimony which was gained in contravention of Appellant's *Page 6 
constitutional rights."[1] III. "Defendant was improperly sentenced to more than the minimum term of imprisonment without the findings formerly required by R.C. 2929.19."[2]
 II. {¶ 13} In his second assignment of error, Ellis contends that the trial court erred by failing to suppress statements he made to law enforcement and fire investigators at the scene of the fire and in his videotaped statement to the Portsmouth Police. Ellis contends that his April 7, 2006, motion to suppress challenges the constitutionality of the statement made at the scene of the fire because he argues that "officers transported Mr. Ellis from the grocery store to the parking lot of the Ramada Inn. The officers proceeded to question the defendant without Miranda warning for several hours."
 {¶ 14} Ellis asserts that once a defendant challenges the admissibility of a confession, the state bears the burden of proving by a preponderance of the evidence that the confession was voluntary. Because the state presented no evidence at the suppression hearing to rebut his assertion that Sgt. Hamilton took his statement at the scene of the fire without first advising him of his Miranda rights, Ellis contends that our decision in State v. Whitt, Scioto App. No. 04CA2962,2005-Ohio-5154, requires the court to accept the facts asserted in his motion as true. Accordingly, he claims the court had no alternative but to conclude that the police violated his constitutional rights by obtaining his initial statement at the scene of the fire and suppress the statement. We disagree. *Page 7 
 {¶ 15} Our review of a decision of a motion to suppress presents mixed questions of law and fact. State v. McNamara (1997),124 Ohio App.3d 706, citing United States v. Martinez (C.A.11, 1992), 949 F.2d 1117,1119. At a suppression hearing, the trial court is in the best position to evaluate witness credibility. State v. Dunlap (1995),73 Ohio St.3d 308, 314. Accordingly, we must uphold the trial courts findings of fact if competent, credible evidence in the record supports them. Id. We then conduct a de novo review of the trial court's application of the law to the facts. State v. Anderson (1995), 100 Ohio App.3d 688, 691.
 {¶ 16} In Whitt, the defendant appealed his conviction and argued that the trial court erred by impliedly overruling his motion to dismiss, in which he asserted that the state violated his right to a speedy trial under R.C. 2945.71. There, the defendant established a prima facie case for discharge under R.C. 2945.73(B), this court recognized that once defendant established his prima facie case, the burden of proof shifted to the state to show that the speedy trial time had not expired. Id. There, the state never responded to defendant's motion, and the court did not set it for hearing. Id. at ¶ 15-16. Because the state failed to meet its burden of proving that the speedy trial time had not expired, we ordered the trial court to discharge defendant. Id. at ¶ 16-17.
 {¶ 17} Here, the state contends that Ellis failed to establish his prima facie case. The state directs our attention to the time line of Ellis's motion to suppress. The state notes that Ellis did not file his second motion, upon which he relies, until 4:26 p.m. on Friday, April 7, 2006 and that the suppression hearing commenced at 8:00 a.m. on Monday, April 10, 2006. Additionally, the state contends that the content of this last *Page 8 
minute motion was insufficient to put either the state or the court on notice of the specific legal and factual grounds upon which Ellis challenged the constitutionality of his statements. Moreover, the state asserts that, through his conduct and argument at the suppression hearing, defense counsel raised only the issue of the voluntariness of Ellis's waiver of his Miranda rights. Therefore, the state contends that Ellis waived any issue concerning the constitutionality of the statements he made at the scene of the fire.
 {¶ 18} In Miranda, the United States Supreme Court held that the prosecution may not use statements resulting "from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." Miranda at 444. The prosecution bears the burden of proving by a preponderance of the evidence that the accused was advised of his Miranda rights. State v. Gumm (1995), 73 Ohio St.3d 413, 429.
 {¶ 19} Pursuant to Crim. R. 12(C)(3), a motion to suppress evidence on the ground that it was illegally obtained must be raised before trial. Crim. R. 12(H) provides that a defendant's failure "to raise defenses or objections or make requests that must be made prior to trial, at the time set by the court * * * shall constitute waiver of the defenses or objections, but the court for good cause shown may grant relief from the waiver." Additionally, Crim. R. 47 provides that a motion: "* * * shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought. It shall be supported by a memorandum containing citations of authority, and may also be supported by an affidavit." Thus, pursuant to the rule, a defendant bears the initial burden of providing the state with adequate notice of grounds for challenging *Page 9 
the admissibility of evidence he seeks to suppress. See City of Xenia v.Wallace (1988), 37 Ohio St.3d 216, 218-219 (finding that while the burden of demonstrating the evidence was not illegally obtained falls upon the prosecution, "the prosecutor cannot be expected to anticipate the specific legal and factual grounds upon which the defendant challenges the legality of [the evidence].").
 {¶ 20} Here, in the "FACTS" section of his second motion, Ellis stated:
 During the early morning hours of September 24, 2005, the Defendant, Mr. Ellis was detained for questioning by members of the Portsmouth Police Department, along with members of the State of Ohio Fire Marshall's (sic) office. Mr. Ellis was seized by law enforcement for questioning in regard to an apparent fire at a Ramada Inn Hotel, located in Portsmouth, Ohio. At the time Mr. Ellis was seized, he was at a grocery store, several blocks away from the hotel. The officers transported Mr. Ellis from the grocery store to the parking lot of the Ramada Inn. The officers proceeded to question the defendant without Miranda warnings for several hours.
 At the time the defendant was questioned he was exhausted as he had not slept since the day before. Furthermore the defendant was extremely intoxicated, as he had been visiting a local bar and had only left a few hours before the questioning ensued. Due to his inexperience with law enforcement, and state of mind, the defendant contends that he was induced to cooperate with the investigating officers.
 Mr. Ellis contends that after several hours of inducement and coercion by the officers, he was taken to the Portsmouth Police Station where he was requested to give a recorded statement. Mr. Ellis, still in his intoxicated state of mind, and sleep deprived, waived his right to have an attorney present during his questioning. As a result of the officer's inducement, and his state of mind, Mr. Ellis provided a statement to the officers implicating himself in the fire which occurred at the Ramada Inn. *Page 10 
 {¶ 21} In his memorandum in support of his second motion, Ellis recites law on the applicability of Miranda to custodial interrogations. He then states: "In the matter at hand, the Defendant was not of sound mind due to his state of intoxication, and physical exhaustion. As a result of his condition, the defendant did not intelligently, voluntarily, and willingly waive his constitutional rights as guaranteed by Miranda."
 {¶ 22} Additionally, at the outset of the suppression hearing, the court and counsel discussed the purpose and scope of the hearing on the record. The transcript reveals that the discussion proceeded as follows:
 THE COURT: Let the record show that we're here on Case Number 05-CR-1392, State of Ohio versus Don Ellis. This matter is set for jury trial today at 9:00. This matter is on my docket set at 8:00 for a suppression hearing. This matter was previously set for suppression hearing and that day the defendant changed his plea, later withdrew his plea. We're ready to proceed on the Motion to Suppress.
 It is my understanding we have two issues today. One, the issue of giving a statement while intoxicated and two, a sleep deprivation type thing. Is the State ready to proceed?
 MR. APEL: Yes Your Honor.
 THE COURT: Any issue with Miranda or anything like that?
 MR. NASH: Well this goes to a knowing and voluntary intelligent waiver of Miranda.
 THE COURT: Was Miranda given?
 MR. NASH: It was given.
 THE COURT: All right. Is the State ready to proceed?
 MR. APEL: I'll say this if Your Honor please. He gave a statement and was then taken to the police department, Mirandized and gave another statement. *Page 11 
 THE COURT: And all we're going to listen to today is the taped statement, is that right?
 MR. NASH: I don't have anything else.
 THE COURT: I mean there were two statements given. He gave one early and then gave a taped one. Is all we're going to deal with right now the taped statement?
 MR. NASH: Well I'll introduce testimony regarding the first statement.
 {¶ 23} The state proceeded to present the testimony of Captain Bill Raison, a fire investigator for the Portsmouth Fire Department, and play Ellis's videotaped statement for the court. Capt. Raison's testimony focused upon the videotaped statement Mr. Ellis's gave at the Portsmouth Police Department. At the conclusion of his testimony, the following exchange took place:
 THE COURT: * * * Do you rest?
 MR. APEL: If we're just on this video then yes.
 THE COURT: This is just the issue of the video here?
 MR. NASH: Yes, the waiver that's on the video.
 THE COURT: All right. The State then rests?
 MR. APEL: Yes, Your Honor.
 {¶ 24} Defense counsel then called Ellis to testify on his own behalf. Ellis directed the bulk of testimony to the amount of alcohol he consumed, how much sleep he had had before making his videotaped statement, and how he felt while he was making his statement. In his testimony, Ellis made two brief references to the questioning at the scene of the fire. The first reference came when his counsel inquired *Page 12 
about how much contact Ellis had with Capt. Raison and Mr. Hobbs before giving his videotaped statement. Ellis stated that he spent a couple of hours with them, during which, "I was being questioned and acquisitions (sic) were being made as to the fact that there had been fires and they believed that I had set them." Later, Ellis's counsel inquired about the "fairly lengthy, half hour conversation" Ellis had with Capt. Raison, Sgt. Hamilton, and Mr. Hobbs, and Ellis inquired whether his counsel was referring solely to the videotaped conversation. Counsel then asked, "[d]id you have a conversation before that?" Ellis replied, "yes sir."
 {¶ 25} In his closing argument, defense counsel focused upon Ellis's intoxication and lack of sleep. He concluded his argument by stating, "[t]his waiver was not really voluntary or intelligent because of his physical state and we ask that this Court rule that those statements against interest not be admitted against him in this trial."
 {¶ 26} While Ellis's April 7, 2006 motion to suppress alludes to the possibility that the questioning at the scene of the fire constituted a custodial interrogation sufficient to require Miranda warnings, Ellis clearly directed his legal argument to whether he knowingly and voluntarily waived his Miranda rights before giving his videotaped statement. Therefore, we conclude that Ellis's motion failed to adequately notify the court and the prosecution of the grounds upon which he sought to challenge the admissibility of his statement at the scene of the fire. Moreover, even if his motion did sufficiently challenge the constitutionality of his on-scene statement, when the court and the prosecutor directly inquired about the scope of Ellis's motion at the beginning of the suppression hearing, Ellis indicated that he only intended to address the videotaped *Page 13 
confession. Since his trial was scheduled to begin just an hour later, the suppression hearing was Ellis's last opportunity to challenge the on-scene statement before trial. Yet, the words and conduct of Ellis's counsel clearly led the court and the prosecution to believe that Ellis would challenge only the videotaped statement.
 {¶ 27} Under the invited error doctrine, "[a] party will not be permitted to take advantage of an error which he himself invited or induced." State v. Bey (1999), 85 Ohio St.3d 487, 493, citing Hal ArtzLincoln-Mercury, Inc. v. Ford Motor Co. (1986), 28 Ohio St.3d 20, paragraph one of the syllabus; State v. Seiber (1990), 56 Ohio St.3d 4,17. Thus, even if we were to assume, arguendo, that the trial court erred by failing to suppress the statement Ellis made at the scene of the fire under our holding in Whitt, we conclude that Ellis induced or invited that error by: (1) filing an eleventh hour motion to suppress seeking to raise an additional evidentiary challenge; and (2) leading the court and the prosecution to believe that the only issue to be addressed at the hearing was whether he intelligently, voluntarily, and willingly waived his Miranda rights when they specifically inquired about the scope of the hearing before proceeding. Accordingly, we find that Ellis cannot benefit from any alleged error that he induced the court to make.
 {¶ 28} Furthermore, we note that the only argument Ellis makes to support his contention that the trial court erred in admitting his later videotaped statement derives from his argument that the trial court improperly admitted his earlier statement made at the scene of the fire. Having already determined that Ellis induced any error that the court may have committed with regard to his statement at the scene of the fire, we conclude that this argument has no merit. *Page 14 
 III. {¶ 29} In his first assignment of error, Ellis contends that the trial court erred when it ordered him to pay the costs of prosecution and restitution in accordance with R.C. 2929.18(A)(1) and (4) without first determining his present and future ability to pay. Ellis asserts that R.C. 2929.19(B)(6) requires the court "to consider the offender's present and future ability to pay" before it imposes a financial sanction pursuant to R.C. 2929.18.
 {¶ 30} R.C. 2929.18(A) specifies the types of financial sanctions that a court may impose upon an offender. The list of appropriate financial sanctions includes: (1) the payment of restitution to the victim of the crime (See R.C. 2929.18(A)(1)); and (2) a state fine or costs as defined in R.C. 2949.111 (See R.C. 2929.18(A)(4)). R.C. 2949.11.1(A)(2) defines "[s]tate fines or costs" to include "any costs imposed or forfeited bail collected by the court under section 2743.70 of the Revised Code for deposit into the reparations fund or under section 2949.091 of the Revised Code for deposit into the general revenue fund and all fines, penalties, and forfeited bail collected by the court and paid to a law library association under sections 3375.50 to 3375.53 of the Revised Code."
 {¶ 31} R.C. 2929.19(B)(6) provides: "Before imposing a financial sanction under section 2929.18 of the Revised Code or a fine under section 2929.32 of the Revised Code, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine." In State v. Ray, Scioto App. No. 04CA2965, 2006-Ohio-853, we recognized that, while "[t]his statute does not require a trial court to hold a *Page 15 
specific hearing on the issue of ability to pay, although courts may choose to do so[,] * * * [t]he statute requires the court to consider the offender's present and future ability to pay." Ray at ¶ 25, citingState v. Kelly (2001), 145 Ohio App.3d 277, 282; State v. Sillett, Butler App. No. CA2000-10-205, 2002-Ohio-2596; State v.Southerland, Butler App. No. CA2001-06-153, 2002-Ohio-1911; State v.Martin (2000), 140 Ohio App.3d 326, 338; and State v. Karnes (Mar. 29, 2001), Athens App. No. 99CA42.
 {¶ 32} Although our preference is for the court to state in its judgment entry that it considered a defendant's ability to pay financial sanctions, we found that reviewing courts must "look to the totality of the record to see if the requirement has been satisfied." Id. at ¶ 26. Additionally, citing our previous decision in State v. Slater, Scioto App. No. 01CA2806, 2002-Ohio-5343 at ¶ 8, we found that compliance can be shown where a court considers a pre-sentence investigation report detailing a defendant's pertinent financial information (citingMartin and Karnes, supra), or where a transcript reveals that a court at least considered a defendant's ability to pay (citing, e.g. State v.Finkes, Franklin App. No. 01AP-310, 2002-Ohio-1439; State v.McDonald, Delaware App. No. 01CA08033, 2002-Ohio-1122). Ray at ¶ 26.
 {¶ 33} Here, the trial court sentenced Ellis to pay restitution of $8,070 to the Portsmouth Ramada Inn. Additionally, the court ordered Ellis to pay "all costs of prosecution, and any fees permitted pursuant to Revised Code section 2929.18(A)(4)." Neither the transcript of the sentencing hearing, nor the judgment entry, contains any indication that the court considered Ellis's ability to pay the financial sanction it imposed under R.C. 2929.18(A)(1) and (4). Furthermore, we note that the court failed to impose *Page 16 
fines under R.C. 2929.18(A)(4) at the sentencing hearing, having only included that order in its sentencing entry. Therefore, we find that Ellis's first assignment of error has merit with regard to the court's imposition of restitution, pursuant to R.C. 2929.18(A)(1), and fines pursuant to R.C. 2929.18(A)(4). Accordingly, we reverse the trial court's judgment in this regard and remand this cause for further proceedings consistent with this opinion.
 {¶ 34} However, we find that the court imposed the costs of prosecution under R.C. R.C. 2947.23, rather than 2929.18. R.C. 2947.23(A)(1) provides, "[i]n all criminal cases * * * the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs." (Emphasis added.) As the Ohio Supreme Court found in State v. White,103 Ohio St.3d 580, 581-582, 2004-Ohio-5989 at ¶ 8, "R.C. 2947.23 does not prohibit a court from assessing costs against an indigent defendant; rather it requires a court to assess costs against all convicted defendants." See, also, Ray, supra, at ¶ 24; State v. Whited, Washington App. No. 04CA31, 2005-Ohio-2224. Because R.C. 2947.23 requires a sentencing court to impose the costs of prosecution against all defendants without regard to their ability to pay, we affirm the trial court's imposition of those costs against Ellis.
 IV. {¶ 35} In his final assignment of error, Ellis contends that the trial court improperly sentenced him to more than the minimum term of imprisonment when it sentenced him in accordance with the Ohio Supreme Court's decision in State v. Foster, *Page 17 109 Ohio St.3d 1, 2006-Ohio-856.[3] Specifically, Ellis asserts that the sentencing statutes in effect at the time he committed his offense created a presumption in favor of minimum sentences for offenders who had not previously served a prison term, and that the Court's holding inFoster violates the Due Process and Ex Post Facto Clauses of the United States Constitution by retroactively eliminating that presumption. The state does not appear to comprehend Ellis's assignment of error, as it asserts that this court should remand this cause for resentencing in accordance with Foster.
 {¶ 36} In Foster, the Ohio Supreme Court considered the constitutionality of Ohio's sentencing statutes in light of the United States Supreme Court's holdings in Blakely v. Washington (2004),542 U.S. 296 and Apprendi v. New Jersey (2000), 530 U.S. 466. The Court found that, under Blakely and Apprendi, R.C. 2929.14(B), R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2), as well as other sections of the Ohio Revised Code, violated the Sixth Amendment to the extent that they required judicial fact finding. Foster, supra, at paragraphs one through seven of the syllabus. In constructing a remedy, the Foster Court excised the provisions it found to offend the Constitution, granting trial court judges full discretion to impose sentences within the ranges prescribed by statute. Id. The Court then held that the cases before the Court "and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent" with the Court's opinion. Id. at ¶ 104. Consistent with the United States Supreme Court's holding in United States v. Booker (2005), 543 U.S. 220, *Page 18 
the Foster Court only applied its holding retroactively to cases that were then pending on direct review or not yet final. Foster at 106.
 {¶ 37} In State v. Grimes, Washington App. No. 04CA17, 2006-Ohio-6360, this court considered and rejected a Due Process and Ex Post Facto challenge to a sentence imposed in accordance with the Ohio Supreme Court's holding in Foster. There, we agreed with the observations of the Ninth and Second Districts, which rejected such challenges outright. In doing so, those courts expressed that "it is unlikely that the Ohio Supreme Court would have directed lower level courts to violate the Constitution and, in any event, [the district courts of appeal] are bound by Ohio Supreme Court directives." Id. at ¶ 8, citing State v.Hildreth, Lorain App. No. 06CA8879, 2006-Ohio-5058, at ¶ 10; State v.Durbin, Greene App. No. 2005-CA-134, 2006-Ohio-5125, at ¶¶ 41-42.
 {¶ 38} In finding that the Ohio Supreme Court's remedy inFoster does not violate the Ex Post Facto or Due Process clauses of the United States Constitution, we also expressed our approval of the reasoning set forth by the Third District in State v. McGhee, Shelby App. No. 17-06-05, 2006-Ohio-5162. Grimes at ¶ 9, citing with approvalMcGhee at ¶¶ 11 13-20. Because the range of prison terms for the defendant's offense remained the same both before and afterFoster, we concluded that "it is difficult to understand how appellant could maintain that an enlargement of the criminal statute occurred, generally, or available punishments, in particular." Id at ¶ 10. Further, we noted that the appellant did not attempt to explain how he would have acted differently had he known that the Ohio Supreme Court would strike down parts of *Page 19 
R.C. 2929.14. Id. Accordingly, we found that the court did not err in imposing the maximum sentence for the offense. Id. at ¶ 11. Based upon our holding in Grimes, we find that the trial court did not err in imposing a sentence greater than the minimum sentence for Ellis's offense.
 {¶ 39} Ellis also contends that Foster's retroactive application of the excised sentencing statutes violates Ohio's rule of lenity as codified in R.C. 2901.04(A). The statute provides that "[s]ections of the Revised Code defining * * * penalties shall be strictly construed against the state, and liberally construed in favor of the accused. R.C. 2901.04(A). Ellis asserts that construing R.C. 2929.14 to permit the trial court to impose a greater than minimum sentence against him violates the spirit and intent of the lenity rule. We disagree.
 {¶ 40} The Ohio Supreme Court has recognized that "this `rule of lenity' applies only where there is ambiguity in or conflict between * * * statutes." State v. Arnold (1991), 61 Ohio St.3d 175, 178. See, also,United States v. Johnson (2000), 529 U.S. 53, 59 ("[a]bsent ambiguity, the rule of lenity is not applicable to guide statutory interpretation"). Because Foster severed the portions of the sentencing statutes, which violated the Sixth Amendment, and because there is no ambiguity in or conflict between statutes, the rule of lenity has no application here. See, State v. Coleman, Sandusky App. No. S-06-023,2007-Ohio-448 at 23, citing State v. Moore, Allen App. No. 1-06-51,2006-Ohio-6860 at ¶ 12.
 {¶ 41} For the foregoing reasons, we overrule Ellis's final assignment of error.
 V. *Page 20 {¶ 42} In conclusion, we sustain Ellis's first assignment of error as it relates to the imposition of restitution pursuant to R.C. 2929.18(A)(1), and fines pursuant to R.C. 2929.18(A)(4), overrule it as it relates to the imposition of the costs of prosecution pursuant to R.C. 2947.23, and overrule each of Ellis's remaining assignments of error. Accordingly, we affirm the judgment of the trial court in part, reverse it in part, and remand this cause for further proceedings in accordance with this decision.
 JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND CAUSE REMANDED. *Page 21 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART AND REVERSED IN PART AND THE CAUSE BE REMANDED, and that Appellant and Appellee share equally in the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment and Opinion as to Assignments of Error I and III; Concurs in Judgment Only as to Assignment of Error II.
Abele, J.: Concurs in Judgment and Opinion.
[1] In the argument section of his brief, Ellis argues this as his third assignment of error and restates it as follows: "THE TRIAL COURT ERRED IN NOT SUPPRESSING APPELLANT'S STATEMENTS." For purposes of this opinion, we shall refer to this as Ellis's second assignment of error.
[2] Ellis argues this as his second assignment of error in his brief. For purposes of this opinion, we shall refer to this as Ellis's third assignment of error.
[3] Ellis committed his offense before the Court decidedFoster, but he was not sentenced until after Foster . *Page 1