DECISION AND JUDGMENT ENTRY
{¶ 1} Herbert Cossin appeals his felony robbery conviction after a jury trial in the Athens County Common Pleas Court. On appeal, Cossin contends that the trial court erred when it failed to grant his discovery sanction request to exclude photos of the victim's injuries, which the State untimely provided him the morning of his jury trial. Because the record does not demonstrate (1) that the prosecution's failure to disclose the photos was a willful violation of Crim.R. 16, (2) that foreknowledge of the photos would have benefited Cossin in the preparation of his defense, or (3) that Cossin was prejudiced by the admission of the photos, we disagree and find that the trial court did not abuse its discretion *Page 2 
when it failed to exclude the photos under Crim.R. 16(E)(3). Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} An Athens County Grand Jury indicted Cossin for robbery in violation of R.C. 2911.02. Cossin entered a not guilty plea. Cossin filed discovery requests. The State responded and included in its discovery a set of photographs taken by law enforcement of the victim's injuries on the day of the crime. Although these photos were poor quality, nevertheless, they showed slight redness in several areas of the victim's face.
 {¶ 3} On the morning of trial, just before voir dire, the State produced a second set of photographs of the victim taken four days after the crime. These full colored photos showed a significant amount of bruising and discoloration of the victim's face.
 {¶ 4} Cossin moved the court to sanction the State's late discovery response by excluding the second set of photographs. The court indicated that it would decide the issue during the trial.
 State's Case-in-Chief {¶ 5} Victim Kelly Wolfe bartended at Walt's Place (hereinafter "bar"). The bar hosted a pool tournament. Cossin participated in the tournament. After the patrons left, the victim began closing the bar for the evening.
 {¶ 6} As the victim turned off the lights, Cossin re-entered the bar and began stealing money from the bar's cash register. When the victim confronted him, he threw her to the floor and struck her in the face several times. The victim crawled *Page 3 
to the back room, where she picked up a cordless phone. The victim then retreated to the basement and called 911. The victim identified Cossin, a person she knew for twenty years, as the culprit.
 {¶ 7} Athens County Deputy Sheriff Shannon Sheridan responded to the victim's call. After talking to the victim, he interviewed a teenage boy (whose mother was Cossin's girlfriend) who saw Cossin go into the bar after it was closed and then, a few minutes later, exit in a hurry. The deputy testified that the victim "had red marks to the side of the face, to the ear area, and it looked like it started swelling." He further stated, "she had a mark on her shoulder." He and Officer Cheryl Garvin took pictures of the victim's injuries.
 {¶ 8} The victim stated that she had injuries on the side of her face and knee; big knots on the back of her head; and a sore ear. Sandra Moore saw the victim at the bar a few hours before the robbery and did not see any injuries on the victim.
 {¶ 9} The State, over the objection of Cossin, introduced the second set of photos into evidence. The court denied Cossin's request to sanction the State by excluding the photos and admitted the photos into evidence.
 B. Cossin's Facts at Trial {¶ 10} Cossin called two witnesses. The first witness indicated that the victim tried to get him to sign a statement that she did not have any injuries before the robbery. Because he did not see her before the crime, he refused to sign the statement. The court would not allow the second witness to testify that the victim had a drug problem. *Page 4 
 {¶ 11} It appeared that Cossin's strategy was to show that the victim, not him, committed the crime. Cossin did not testify.
 C. Jury Verdict, Sentencing, Appeal {¶ 12} The jury found Cossin guilty of robbery, as charged. The court accepted the guilty verdict and sentenced Cossin accordingly.
 {¶ 13} Cossin appeals his robbery conviction and asserts the following assignment of error: "The trial court erred when it admitted into evidence a set of photographs which were not provided to Herbert Cossin until the first day of trial. Crim.R. 16. This violated Herbert Cossin's rights to due process and a fair trial."
 II. {¶ 14} Cossin contends in his sole assignment of error that the trial court erred when it failed to grant his request for the sanction of excluding the full color photographs.
 {¶ 15} "Upon motion of the defendant the court shall order the prosecuting attorney to permit the defendant to inspect and copy * * * photographs * * * available to or within the possession, custody or control of the state, and which are material to the preparation of his defense, or are intended for use by the prosecuting attorney as evidence at the trial[.]" Crim.R. 16(B)(1)(c).
 {¶ 16} "If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from *Page 5 
introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances." Crim.R. 16(E)(3).
 {¶ 17} "A trial court must inquire into the circumstances surrounding a discovery rule violation and, when deciding whether to impose a sanction, must impose the least severe sanction that is consistent with the purpose of the rules of discovery." Lakewood v. Papadelis (1987),32 Ohio St.3d 1, paragraph two of the syllabus. "The purpose of discovery rules is to prevent surprise and the secreting of evidence favorable to one party. The overall purpose is to produce a fair trial." Id. at 3.
 {¶ 18} When reviewing the propriety of discovery rulings imposed by a trial court, this court must determine whether the trial court abused its discretion. See State v. Wiles (1991), 59 Ohio St.3d 71, 78;State v. Parson (1983), 6 Ohio St.3d 442, 445. Accordingly, we will only reverse the trial court's ruling if the court's attitude is unreasonable, arbitrary, or unconscionable. See, e.g., State v.Cunningham, 113 Ohio St.3d 108, 2007-Ohio-1245, ¶ 25.
 {¶ 19} "Where, in a criminal trial, the prosecution fails to comply with * * * [a rule of discovery], and the record does not demonstrate (1) that the prosecution's failure to disclose was a willful violation of Crim.R. 16, (2) that foreknowledge of the * * * [evidence] would have benefited the accused in the preparation of his defense, or (3) that the accused was prejudiced by admission of the * * * [evidence], the trial court does not abuse its discretion under Crim.R. 16(E)(3) by permitting such evidence to be admitted." State v. Parson (1983), 6 Ohio St.3d 442, syllabus. *Page 6 
 A. The First Prong of the Parson Test {¶ 20} Cossin asserts that the State willfully violated Crim.R. 16 because it admitted the violation and did not know how long it had the photos.
 {¶ 21} The trial court found that the State did not willfully fail to disclose the photos. The court learned that law enforcement did not take these full color photos. Instead, the victim and her boyfriend took them four days after her injuries. It was unclear when the victim turned the full color photos over to the State. In addition, Cossin made it clear to the trial court that he did not think the State willfully withheld the photos.
 {¶ 22} Here, Cossin invited the court to find that the State did not willfully withhold this evidence. "A party will not be permitted to take advantage of an error which he himself invited or induced." State v.Bey (1999), 85 Ohio St.3d 487, 493, citing Hal Artz Lincoln-Mercury,Inc. v. Ford Motor Co. (1986), 28 Ohio St.3d 20, paragraph one of the syllabus; State v. Seiber (1990), 56 Ohio St.3d 4, 17. This rule is generally referred to as the "invited error doctrine." State v.Ellis, Scioto App. No. 06CA3071, 2007-Ohio-2177, at ¶ 27. Therefore, we find that Cossin invited any alleged error of the court in concluding that the State did not willfully withhold this evidence.
 B. The Second Prong of the Parson Test {¶ 23} Cossin asserts that if he would have had timely discovery of the second set of photos, then he would have had "an opportunity to have a medical expert examine the photos, and determine whether they accurately reflected what the progression of the alleged injuries in the first set of photos would have *Page 7 
looked like four days later." He further claims that "[h]e might have also consulted with a photography expert to determine whether the photos had been altered in any way."
 {¶ 24} Here, the trial court stated that it did not see how earlier discovery of the second set of photos would have changed anything. We agree.
 {¶ 25} The record does not show that Cossin asked the trial court for a continuance to carry out his possible plans. Further, he did not carry out any similar plans with regards to the first set of photos. As we state below under our analysis of the third prong of the Parson test, the second set of photos were cumulative evidence of "actual" injuries. In addition, instead of showing that Cossin did inflict physical harm on his victim, the State had two other options. That is, under R.C.2911.02(A)(2), the State had to show that Cossin did "[i]nflict, attempt to inflict, or threaten to inflict physical harm on another[.]" Therefore, we find that the record does not demonstrate that foreknowledge of the second set of photos would have benefited Cossin in the preparation of his defense.
 C. The Third Prong of the Parson Test {¶ 26} Cossin maintains that the admission of the photographs prejudiced him because the State had to prove "actual, attempted, or threatened physical harm upon another." He asserts that earlier photos of the victim that he timely received in discovery "were of poor quality and showed very little indication of injury." However, the photographs that the State produced the day of trial "were in full color, showed significant bruising, and were allegedly taken four days after *Page 8 
the incident." He claims that no other evidence corroborated the victim's testimony regarding her injuries.
 {¶ 27} Here, the record shows that the trial court instructed the jury by stating, "Physical harm to persons means any injury, illness, or other physiological impairment regardless of its gravity or duration." The victim testified as to her facial injuries. Contrary to Cossin's assertion, the deputy who took photos of her injuries also corroborated her testimony at trial by relating to the jury his observations about the victim's injuries. The deputy testified that the victim "had red marks to the side of the face, to the ear area, and it looked like it started swelling." He also stated, "she had a mark on her shoulder." Further, the photos taken by the deputy, even though they were of poor quality, showed some evidence of injury to the victim. In fact, Cossin admits in his brief that these "photos showed slight redness in several areas of Kelly Wolfe's face." As such, the second set of photos only provided the jury with cumulative evidence of the victim's injuries. Consequently, we find that the record does not demonstrate that Cossin was prejudiced by the admission of the second set of photos.
 {¶ 28} In conclusion, we find that the trial court did not abuse its discretion when it denied Cossin's sanction request to exclude the photos.
 {¶ 29} Accordingly, we overrule Cossin's sole assignment of error and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 9 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellant shall pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure.
 Exceptions. *Page 1