[Cite as *In re Adoption of C.B.B.G.*, 2021-Ohio-331.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| In the Matter of: | : | Case No. 19CA25 |
| | | 19CA26 |
| The Adoption of: | : | |
| | | <u>DECISION AND</u> |
| C.B.B.G. & R.M.G. | : | <u>JUDGMENT ENTRY</u> |

**RELEASED 1/26/2021**

_____
<u>APPEARANCES</u>:

Justin R. Blume, The Blume Law Firm, L.L.C., Wheelersburg, Ohio, for appellant.

Robert C. Delawder, Delawder Law Offices, Ironton, Ohio, for appellee.
_____
Hess, J.

{¶1}  In consolidated appeals, A.B. challenges judgments of the Lawrence County Court of Common Pleas, Probate Division, dismissing his petitions to adopt his step-children based on its determination that their father, C.G., had to, but did not, consent to the adoptions.  A.B. asserts C.G.'s consent was not required under R.C. 3107.07(K) because his objections to the petitions were untimely, so the court erred by not granting A.B.'s motions to dismiss the objections and by conducting a hearing to determine whether C.G.'s consent was necessary.  However, A.B.'s counsel prepared and agreed to the entries scheduling the consent hearing, and at the hearing, counsel failed to alert the court to the pending motions to dismiss and represented that the only argument he was pursuing was that C.G.'s consent was not required under R.C. 3107.07(A) due to lack of contact with the children.  As a result, A.B. invited any error the court made in proceeding on the objections and conducting a hearing to determine

whether C.G.'s consent was required or R.C. 3107.07(A) applied. Accordingly, we overrule the assignments of error and affirm the trial court's judgments.

## I. FACTS AND PROCEDURAL HISTORY

{¶2} In June 2019, A.B. filed petitions to adopt his step-children, C.B.B.G. & R.M.G. The petitions alleged that the children's mother, M.B., had to and did consent to the adoptions. The petitions alleged that the consent of the children's father, C.G., was not required because he had failed without justifiable cause to provide more than de minimis contact with the children or to provide for the maintenance and support of the children as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the petitions or placement of the children in A.B.'s home. *See* R.C. 3107.07(A).

{¶3} The trial court scheduled a hearing on the petitions and issued notices to inform C.G. that the petitions had been filed and would be heard on August 20, 2019. On June 20, 2019, C.G. evidently received the notices via certified mail restricted delivery. On August 15, 2019, C.G. filed objections to the adoption petitions asserting that M.B. had interfered with his ability to see the children, that his consent was required for the adoptions, and that adoption was not in the best interest of the children. The court rescheduled the hearing on the petitions for September 2019. Prior to the hearing, A.B. moved the court "to dismiss and overrule" C.G.'s objections "as a matter of law, without an evidentiary hearing" on the basis that they were untimely, so C.G.'s consent to the adoptions was not required under R.C. 3107.07(K). Subsequently, the court issued agreed judgment entries prepared and signed by counsel for A.B. and approved by counsel for C.G. The entries stated that "[b]y agreement of the parties the adoption

hearing * * * is continued" and set the matter for hearing in October 2019 "to determine if the consent of [C.G.] is necessary."

**{¶4}** At the consent hearing, the court asked A.B.'s counsel, "Are you pursuing both of your non consent?" Counsel responded, "Pursuing non consent as to lack of contact only." The court then explained that there had been a discussion in chambers about the fact that C.G. had been compliant with an administrative support order. Subsequently, the court heard evidence on whether C.G.'s consent was not required under R.C. 3107.07(A) due to lack of contact with the children. The court found that M.B.'s testimony was "largely incredible," that she had "flagrantly and intentionally interfered with [C.G.'s] ability to have a relationship or communicate with his children," and that any lack of contact between C.G. and the children was her fault. The court found that C.G.'s consent to the adoptions was required, and because he did not consent, the court dismissed the petitions.

## II. ASSIGNMENTS OF ERROR

**{¶5}** A.B. presents two assignments of error:

I.  The trial court erred in conducting a hearing to determine if respondent, [C.G.'s] consent to the adoptions at issue was necessary because respondent [C.G.] failed to file a timely objection pursuant to Ohio Revised Code Section 3107.07(K).

II. The trial court erred by failing to grant petitioner's motion to dismiss respondent, [C.G.'s] objection.

A.B. failed to argue the assignments of error separately as required by App.R. 16(A)(7), so it would be within our authority to summarily overrule them and affirm the trial court's judgments. *Ogle v. Kroger Co.*, 4th Dist. Hocking No. 13CA22, 2014-Ohio-1099, ¶ 14, citing App.R. 12(A)(2). Nevertheless, we will address the assignments of error.

### III.  LAW AND ANALYSIS

**{¶6}**   In the first assignment of error, A.B. contends that under R.C. 3107.07(K), C.G.'s consent to the adoptions was not required because he did not file timely objections to the adoption petitions; therefore, the trial court erred when it conducted a hearing to determine whether C.G.'s consent was necessary.  A.B. maintains that the court should have instead scheduled the matter for a best interest hearing.  In the second assignment of error, A.B. contends that the trial court erred by failing to grant his motions to dismiss C.G.'s objections.  A.B. asserts that he did not waive or withdraw the motions and suggests that it was unnecessary for him to mention the motions at the consent hearing because the court "effectively den[ied]" them by scheduling the hearing. C.G. contends that because A.B. did not raise the complained of errors at the consent hearing, he failed to properly preserve them for appellate review.  Alternatively, C.G. asserts that R.C. 3107.07(K) is inapplicable because the statute applies to a person given notice of an adoption petition pursuant to R.C. 3107.11(A)(1), i.e., one whose consent is required but who has not consented, and he was given notice pursuant to R.C. 3107.11(A)(2) because the petitions alleged that his consent was not required under R.C. 3107.07(A).

**{¶7}**   " '[A]n appellate court will not consider any error which could have been brought to the trial court's attention, and hence avoided or otherwise corrected.' "  *Cline v. Rogers Farm Ents., LLC*, 2017-Ohio-1379, 87 N.E.3d 637, ¶ 47 (4th Dist.), quoting *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 210, 436 N.E.2d 1001 (1982).  "Thus, a party forfeits, and may not raise on appeal, any error that arises during trial court proceedings if that party fails to bring the error to the court's attention, by objection or

otherwise, at a time when the trial court could avoid or correct the error." *Id.* Generally, "appellate courts have discretion to consider forfeited errors under the plain error doctrine." *Redmond v. Wade*, 4th Dist. Lawrence No. 16CA25, 2017-Ohio-7192, ¶ 26, citing *Hill v. Urbana*, 79 Ohio St.3d 130, 133-34, 679 N.E.2d 1109 (1997). However, we "ordinarily will not craft a plain-error argument for an appellant who fails to do so." *Eichenlaub v. Eichenlaub*, 2018-Ohio-4060, 120 N.E.3d 380, ¶ 24 (4th Dist.).

**{¶8}** Invited error forfeits a plain-error claim. *See State v. Phillips*, 4th Dist. Scioto No. 18CA3832, 2018-Ohio-5432, ¶ 55. "Under the invited error doctrine, ' "[a] party will not be permitted to take advantage of an error which [the party] invited or induced." ' " *State v. Ellis*, 4th Dist. Scioto No. 06CA3071, 2007-Ohio-2177, ¶ 27, quoting *State v. Bey*, 85 Ohio St.3d 487, 493, 709 N.E.2d 484 (1999), quoting *Hal Artz Lincoln-Mercury, Inc. v. Ford Motor Co.*, 28 Ohio St.3d 20, 502 N.E.2d 590 (1986), paragraph one of the syllabus. The Supreme Court of Ohio has explained:

> "The law imposes upon every litigant the duty of vigilance in the trial of a case, and even where the trial court commits an error to his prejudice, he is required then and there to challenge the attention of the court to that error, by excepting thereto, and upon failure of the court to correct the same to cause his exceptions to be noted.
>
> It follows therefore that, for much graver reasons, a litigant cannot be permitted, either intentionally or unintentionally, to induce or mislead a court into the commission of an error and then procure a reversal of the judgment for an error for which he was actively responsible."

*Dardinger v. Anthem Blue Cross & Blue Shield*, 98 Ohio St.3d 77, 2002-Ohio-7113, 781 N.E.2d 121, ¶ 124-125, quoting *State v. Kollar*, 93 Ohio St. 89, 91, 112 N.E. 196 (1915).

**{¶9}** A.B. invited the errors complained of on appeal. Contrary to A.B.'s suggestion, the trial court did not implicitly overrule his motions to dismiss the objections by scheduling the consent hearing. Although the motions requested that the court apply

R.C. 3107.07(K) and dismiss the objections "without an evidentiary hearing," A.B.'s counsel subsequently prepared and agreed to the judgment entries that scheduled the consent hearing, and nothing in the entries suggests that the court had overruled the motions. The entries do not mention the motions or R.C. 3107.07(K) and do not indicate that the only purpose of the consent hearing was to hear evidence on C.G.'s objections to the claims in the petitions that his consent was not required under R.C. 3107.07(A). Rather, the entries broadly state that the purpose of the hearing was "to determine if the consent of [C.G.] is necessary," which did not foreclose argument on the applicability of R.C. 3107.07(K).

{¶10} Prior to hearing any evidence, the court inquired about the scope of the consent hearing, asking A.B.'s counsel, "Are you pursuing both of your non consent?" When read in context, this inquiry appears to relate to the two claims made in the adoption petitions as to why C.G.'s consent was not required under R.C. 3107.07(A)— lack of contact and failure to provide maintenance and support. Instead of alerting the court to its error and reminding the court that A.B. had made a third claim in the pending motions to dismiss, i.e., consent was not required under R.C. 3107.07(K), A.B.'s counsel stated, "Pursuing non consent as to lack of contact only." As a result, the court proceeded to hear evidence on whether C.G.'s consent was not required under R.C. 3107.07(A) due to lack of contact with the children, held that R.C. 3107.07(A) did not apply, and determined that C.G.'s consent was required without explicitly considering whether R.C. 3107.07(K) applied or addressing the motions to dismiss.

{¶11} A.B. invited the trial court's purported errors in failing to grant his motions to dismiss the objections and conducting a hearing to determine whether C.G.'s consent

was necessary because A.B.'s counsel prepared and agreed to the entries scheduling the consent hearing, and at the hearing, counsel did not alert the court to the pending motions to dismiss and represented that the only argument A.B. was pursing was that C.G.'s consent was not required due to lack of contact with the children—an argument which required an evidentiary hearing under R.C. 3107.07(A). *See generally Ellis*, 4th Dist. Scioto No. 06CA3071, 2007-Ohio-2177, at ¶ 26-27 (appellant invited any error court made in failing to suppress statements he made at the crime scene in part because when the court and prosecutor specifically inquired about the scope of the suppression hearing, appellant led them to believe the only issue to be addressed was the voluntariness of a *Miranda* waiver given before a subsequent videotaped statement). Therefore, he has forfeited even plain error review. Accordingly, we overrule the assignments of error and affirm the trial court's judgments.

{¶12} In doing so, we observe that even if the trial court had granted the motions to dismiss the objections and proceeded to consider the best interest of the children, ample evidence supports the trial court's determination that M.B. flagrantly and intentionally interfered with C.G.'s ability to have a relationship with or communicate with the children. Such evidence would have weighed against a conclusion that adoption was in the best interest of the children.

JUDGMENTS AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENTS ARE AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court, Probate Division to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Wilkin, J.: Concur in Judgment and Opinion.


For the Court



BY: _____
     Michael D. Hess, Judge




**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.