UNITED STATES of America, Appellee,

v.

Hakeem Olayinka ALLI–BALOGUN, also known as Ralph Badmus, Defendant–Appellant.

No. 570, Docket 95–1161.

United States Court of Appeals, Second Circuit.

Submitted Dec. 8, 1995.

Decided Dec. 8, 1995.

David H. Weiss, New York City, for Defendant–Appellant.

Jason Brown, Asst. U.S. Attorney, New York City, for Appellee.

Before: FEINBERG, OAKES and CALABRESI, Circuit Judges.

PER CURIAM:

After an eleven-month investigation into the activities of a heroin smuggling ring, Hakeem Olayinka Alli–Balogun (Balogun) was arrested and charged with engaging in a continuing criminal enterprise to import heroin, conspiring to import heroin, and importing heroin. At trial, the government showed that six "investors" provided varying amounts of money for each smuggling trip. Between April 1991 and May 1992, thirteen such trips were conducted. At least twenty-two kilograms of heroin were successfully smuggled through these trips. The evidence adduced at trial to show Balogun's participation in the smuggling ring was over-

whelming. The jury convicted Balogun of engaging in a continuing criminal enterprise to import heroin, in violation of 21 U.S.C. § 848(a); conspiring to import heroin, in violation of 21 U.S.C. § 963; and three counts of importing heroin into the United States, in violation of 21 U.S.C. §§ 952(a) and 960. Balogun was sentenced to a term of 360 months in prison and a special assessment of $300, to be followed by a five year term of supervised release. He argues that his conviction should be reversed because 1) he was deprived of effective assistance of counsel; 2) the district court erred by admitting evidence of other bad acts; and 3) the district court erred by failing to instruct the jury that it must unanimously agree on which three narcotics violations constituted the series of violations needed to satisfy the continuing criminal enterprise statute.

■ Defendant argues that his Sixth Amendment right to effective assistance of counsel was violated because his counsel did not understand the continuing criminal enterprise statute, 21 U.S.C. § 848(a). Specifically, he contends that his counsel should have argued that his role in the smuggling ring was merely a passive one. To prevail on this Sixth Amendment claim, defendant must prove that counsel's representation "fell below an objective standard of reasonableness" judged by "prevailing professional norms." *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). He must also show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068. Defendant does not satisfy either prong of *Strickland.* The government had to show that Balogun occupied a managerial position in the charged criminal enterprise, and the government's evidence at trial easily met this burden. Balogun provided a heroin source in Thailand, sent money abroad to pay for the heroin, picked the routes that couriers used to come to the United States, greeted couriers upon their return, and sold the heroin for profit. Given this evidence, it is hard to understand how the defendant's trial counsel could have argued that Balogun was a passive investor. And there is no evidence to suggest that "but

for counsel's ... errors," the result would have been different. We therefore find that defendant's Sixth Amendment right to effective assistance of counsel was not violated.

Defendant also argues that the district court erred by allowing evidence of prior bad acts. In particular, defendant objects to the introduction of the testimony of Adekunle Lawal, Balogun's cousin and a cooperating witness. At trial, Lawal testified that Balogun introduced him to heroin trafficking and explained how the conspirators came to be involved with each other. Defendant argues that the court wrongly permitted Lawal to testify to events that occured between 1988 and 1990 and to state that Balogun stored heroin during this time in an apartment that Balogun permitted Lawal to use. He also argues that the court erred by permitting Lawal to testify that Balogun had hired a courier to smuggle heroin by swallowing heroin-filled balloons, and, finally, to testify that in 1988, Lawal had been the victim of a drug "ripoff" in which he lost 300 grams of heroin that belonged to Balogun.

■ Evidence of other crimes, wrongs, or acts is admissible under Rule 404(b) of the Federal Rules of Evidence if such evidence is relevant to issues such as intent, knowledge, preparation, plan, and absence of mistake or accident, and if, under Rule 403, the probative value of the evidence is not substantially outweighed by the risk of unfair prejudice. We have held that evidence of other bad acts is admissible "as long as the evidence is not offered to prove propensity" and its probative value is not outweighed by its prejudicial impact. *United States v. Levy,* 731 F.2d 997, 1002 (2d Cir.1984). Defendant argues that Lawal's testimony was prejudicial because Lawal was a blood relative and because the prior act of hiring an alimentary smuggler may have evoked antipathy from the jury. Defendant has, however, made no argument that even suggests that Lawal's testimony was more prejudicial than probative. Lawal's testimony filled in the background of the conspiracy, and neither Lawal's relationship to the defendant nor the hiring of an alimentary smuggler, under the circumstances, is a strong source of prejudice.

Judge Weinstein instructed the jury that the evidence was admitted to show only "the relationship among the witnesses" and that the jury should not "convict the defendant if you think he committed a crime other than the one he is charged with." In the circumstances of this case, such an instruction was sufficient to avoid the danger, if any existed, of unfair prejudice. *See United States v. Mickens,* 926 F.2d 1323, 1328–29 (2d Cir. 1991), *cert. denied,* 502 U.S. 1060, 112 S.Ct. 940, 117 L.Ed.2d 111 (1992).

■ Balogun finally claims that the district court committed plain error when it failed to instruct the jury that it had to agree unanimously as to which three drug violations constituted the basis for the continuing criminal enterprise charge. Defendant's principal support for this claim is *United States v. Edmonds,* 52 F.3d 1236, 1242–43 (3d Cir.1995) (reversing a conviction where a judge refused to charge the jury, as requested by defense counsel, that it had to agree unanimously as to which three drug violations constituted the "continuing series of violations" required by statute), *rehearing en banc granted and opinion vacated,* June 29, 1995. In *Edmonds,* defense counsel requested such an instruction at trial. *Id.* at 1243. Because defense counsel in the instant case did not request such an instruction, defendant must prove that the district court committed plain error under Fed.R.Crim.P. 52(b). In *United States v. Anderson,* 859 F.2d 1171 (3d Cir.1988), the Third Circuit upheld a conviction where no objection was made to the absence of such a jury instruction. The failure to instruct the jury was not, *Anderson* held, plain error. *Id.* at 1175–76. *Edmonds* did not contradict *Anderson,* instead it explicitly stated that the failure to instruct the jury that they had to agree unanimously on which three drug violations were the basis of the charge "may not have been plain error." 52 F.3d at 1243. The Seventh Circuit has held that unanimity as to the three acts is not required under the statute, and hence, that the failure to provide the jury with particularized unanimity instructions is not error at all. *See United States v. Canino,* 949 F.2d 928, 947–48 (7th Cir.1991), *cert. denied,* 503 U.S. 996, 112 S.Ct. 1701, 118 L.Ed.2d 410 (1992).

■ We believe that the failure to instruct the jury that it had to agree unanimously as to which three drug violations constituted the "continuing series of violations" required by the Continuing Criminal Enterprise statute was not plain error. Plain error requires an "error" that must be "clear" or "obvious" and that must "affec[t] substantial rights," which "in most cases . . . means that the error must have been prejudicial. . . ." *United States v. Olano,* 507 U.S. 725, 732–35, 113 S.Ct. 1770, 1777–78, 123 L.Ed.2d 508 (1993). *See also United States v. Birbal,* 62 F.3d 456, 461 (2d Cir.1995) (applying *Olano* ); *United States v. Keller,* 58 F.3d 884, 889 (2d Cir.1995) ("Plain error exists where an error or defect affects a defendant's substantial rights and results in a manifest injustice.").

First and foremost, on the facts of this case, we do not see how an error can be plain error when the Supreme Court and this court have not spoken on the subject, and the authority in other circuit courts is split. In *Olano,* the Supreme Court stated that "[a]t a minimum, the Court of Appeals cannot correct an error pursuant to Rule 52(b) unless the error is clear under current law." 507 U.S. at 734, 113 S.Ct. at 1777.

Judge Weinstein, moreover, instructed the jury that "[a]ny verdict must be unanimous." In other contexts, we have held that a failure to instruct the jury specifically as to the unanimity required for a particular count was not plain error where the court gave a general instruction akin to that given by Judge Weinstein in this case. *See United States v. Shaoul,* 41 F.3d 811, 818 (2d Cir.1994) (holding that, in a case where a general unanimity instruction was given but not a specific one concerning the unanimity required for the jury to find an overt act in a conspiracy, "[e]ven in circumstances where it might have been advisable as a matter of sound policy to give 'specific' unanimity instructions . . . failure to give such instructions does not constitute plain error") (footnote omitted); *United States v. Peterson,* 768 F.2d 64, 68 (2d Cir.) (holding that the failure to provide a specific unanimity instruction, in a case concerning possession of heroin with intent to distribute,

is not plain error), *cert. denied,* 474 U.S. 923, 106 S.Ct. 257, 88 L.Ed.2d 264 (1985). We have occasionally gone further and held that, under some statutes, specific instructions were not needed at all. *See United States v. Schiff,* 801 F.2d 108, 114–15 (2d Cir.1986) (tax evasion), *cert. denied,* 480 U.S. 945, 107 S.Ct. 1603, 94 L.Ed.2d 789 (1987); *United States v. Murray,* 618 F.2d 892, 898 (2d Cir.1980) (conspiracy).

We do not need to decide whether the statute before us requires a specific unanimity instruction, and whether a failure to give such a unanimity instruction, had it been requested, would have been reversible error. *Cf.* Eric S. Miller, Note, *Compound–Complex Criminal Statutes and the Constitution: Demanding Unanimity as to Predicate Acts,* 104 Yale L.J. 2277 (1995). It is enough to say that the consistent approach of this Circuit to issues analogous to the one before us supports our conclusion that the failure to give such an instruction in this case does not constitute plain error.

We have examined all of Appellant's arguments and find them to be without merit. Accordingly, we affirm the decision of the district court.