DECISION AND JUDGMENT ENTRY
{¶ 1} Christophe Drescher appeals his rape conviction from the Highland County Common Pleas Court. On appeal, Drescher's appointed counsel has advised this court that he has reviewed the record and cannot find a meritorious claim for appeal. As a result, pursuant toAnders v. California (1967), 386 U.S. 738, he has moved this court to withdraw as counsel. Because, after independently reviewing the record, we also cannot find a meritorious claim to support an appeal, we agree with Drescher's counsel. Accordingly, we grant counsel's request to withdraw, find this appeal wholly frivolous as defined byAnders and affirm the judgment of the trial court.
 I. *Page 2 {¶ 2} A Highland County Grand Jury indicted the thirty-five-year-old Drescher for rape in violation of R.C. 2907.02(A)(1)(b). The seven-year-old victim was the daughter of Drescher's live-in girlfriend. Drescher admitted in two separate statements to law enforcement officers that part of his penis entered the victim's vagina. At his arraignment, he entered a not guilty plea.
 {¶ 3} Drescher requested a competency evaluation to determine his competency at the time of the alleged rape offense and his competency to stand trial. The court issued two separate orders to determine Drescher's competency: (1) at the time of the offense and (2) to stand trial. The examiner issued two reports, one finding Drescher competent at the time of the offense and the second report finding Drescher competent to stand trial. At the hearing, the parties agreed that the court could determine Drescher's competency from the reports (without any other evidence submitted). The court did not read one report and only read the last paragraph of the second report. Orally, he found Drescher competent at the time of the offense, but said nothing about his competency to stand trial. No one objected. However, the court signed an entry that found Drescher competent to stand trial. The entry was silent regarding Drescher's competence at the time of the offense. Again, no one objected.
 {¶ 4} Drescher withdrew his not guilty plea and entered a no contest plea. The court found him guilty. However, at sentencing, Drescher requested the court to withdraw his plea. The court granted his request.
 {¶ 5} Drescher earlier had filed a motion to suppress his two statements. The court held a hearing. The state called three witnesses and introduced *Page 3 
exhibits. Drescher testified on his own behalf. The court overruled Drescher's motion to suppress.
 {¶ 6} Drescher changed his plea to no contest. The court found him guilty and sentenced him accordingly. The court classified Drescher as a Tier III sexual offender.
 {¶ 7} Drescher filed a notice of appeal. His attorney on appeal, pursuant to Anders, supra, filed a motion to withdraw as counsel, notifying this court that he could not find a meritorious issue for appeal. Drescher's attorney also filed a brief outlining three potential assignments of error.
 {¶ 8} In Anders, the United States Supreme Court held that if, after a conscientious examination of the record, a defendant's counsel concludes that the case is wholly frivolous, he should so advise the court and request permission to withdraw. Id. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Id. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and (2) allow his client sufficient time to raise any matters that the client chooses. Id.
 {¶ 9} Upon receiving an Anders brief, we must "conduct `a full examination of all the proceeding[s] to decide whether the case is wholly frivolous." Penson v. Ohio (1988), 488 U.S. 75, 80, quotingAnders at 744. After fully examining the proceedings below, if we find only frivolous issues on appeal, we then may proceed to address the case on its merits without affording appellant the assistance of counsel. Id.; see, also, State v. Kent, (Mar. 4, 1998), *Page 4 
Jackson App. No. 96CA794; State v. Hart, (Dec. 23, 1997), Athens App. No. 97CA18. If we find, however, that meritorious issues for appeal exist, we must afford appellant the assistance of counsel in order that counsel may address the issues. Anders at 744; Penson at 80; see, e.g.,State v. Alexander (Aug. 10, 1999), Lawrence App. No. 98CA29.
 {¶ 10} Here, Drescher's counsel satisfied the requirements inAnders. Drescher did not file a pro se brief. Accordingly, we will examine counsel's potential assignments of error, and the entire record below to determine if this appeal lacks merit. Counsel raises the following three potential assignments of error: I. "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT FAILED TO JOURNALIZE ITS JUDGMENT ON APPELLANT'S CLAIM OF INSANITY PURSUANT TO R.C. 2945.371." II. "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN OVERRULING HIS MOTION TO SUPPRESS EVIDENCE." And, III. "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN PERMITTING HIM TO WITHDRAW HIS FIRST NO CONTEST PLEA."
 II. {¶ 11} Drescher contends in his first potential assignment of error that the trial court's psychiatric examination findings failed to satisfy R.C. 2945.371.
 {¶ 12} Here, the record shows that Drescher moved the court for a psychiatric examination pursuant to R.C. 2945.371. Based on this motion, the court issued two orders. First, the court ordered the examiner to render an opinion regarding Drescher's competency at the time of the commission of the *Page 5 
rape offense. Second, the court separately ordered the examiner to render an opinion regarding Drescher's competency to stand trial. At the hearing, the parties submitted the examiner's two reports regarding these two separate issues to the court. The parties did not produce any other evidence. The court stated that it would not read "the entire thing[.]" The court said that "as usual [the examiner] did a good job[.]" The court then proceeded to read only the last paragraph of one of the reports, which opined that Drescher was competent at the time he committed the offense. The court then stated it would sign an entry to that effect. The court never addressed Drescher's competence to stand trial. To further confuse these two issues, the court signed an entry determining that Drescher was competent to stand trial and did not address whether Drescher was competent at the time he committed the offense.
 {¶ 13} The record is clear that Drescher never objected to what the court found at the hearing and never objected to the entry. However, even when a defendant fails to raise a timely and proper objection to an error affecting a substantial right, we may notice the error pursuant to Crim. R. 52(B).
 {¶ 14} "By its very terms, [Crim. R. 52(B)] places three limitations on a reviewing court's decision to correct an error despite the absence of a timely objection at trial." State v. Barnes (2002), 94 Ohio St.3d 21,27. First, the reviewing court must find that the trial court erred, i.e., deviated from a legal rule. Id., citing State v. Hill (2001),92 Ohio St.3d 191, 200, and United States v. Olano (1993), 507 U.S. 725,732 (interpreting Crim. R. 52(B)'s identical federal counterpart, Fed.R.Crim.P. 52(b)). *Page 6 
 {¶ 15} Second, the error must be plain. Barnes at 27. "[A]n error cannot be deemed plain if there is no controlling case law on point and the authority in other circuits is split." State v. McKee (2002),91 Ohio St.3d 292, 300 (Cook, J., dissenting), citing United States v.Aguillard (C.A.11, 2000), 217 F.3d 1319, 1321; United States v.Thompson (C.A.9, 1996), 82 F.3d 849, 855; United States v.Alli-Balogun (C.A.2, 1995), 72 F.3d 9, 12; United States v.Williams (C.A.6, 1995), 53 F.3d 769, 772. If the law on a particular issue "is unclear at the time of trial and remains that way at the time of appeal, the error cannot be plain and should not be noticed under Crim. R. 52(B)." Id., citing United States v. David (C.A.4, 1996),83 F.3d 638, 642-643. However, we may recognize an error as plain, even though it was not clear at the time of trial, as long as it is clear at the time of appellate consideration. Johnson v. United States (1997),520 U.S. 461, 468; see, also, McKee at 300.
 {¶ 16} Finally, the trial court's error must have affected the accused's "substantial rights." Barnes at 27. The Ohio Supreme Court has interpreted this element of the rule to require a finding that the error affected the outcome of the trial. Id., citing Hill at 205; State v.Moreland (1990), 50 Ohio St.3d 58, 62; State v. Long (1978),53 Ohio St.2d 91, paragraph two of the syllabus. However, the United States Supreme Court has opined that a finding of plain error is not limited to cases of actual innocence. Olano at 736. An error may "`seriously affect the fairness, integrity or public reputation of judicial proceedings' independent of the defendant's innocence." Id. at 736-737, quotingUnited States v. Atkinson (1936), 297 U.S. 157, 160. *Page 7 
 {¶ 17} Here, the court did not comply with R.C. 2945.371. When Drescher requested an evaluation under R.C. 2945.371, the court properly issued two orders. It ordered an evaluation to determine Drescher's competency at the time of the offense and a separate evaluation to determine Drescher's competency to stand trial. At the competency hearing, the parties agreed to submit the two reports to the court without any other evidence. However, the court failed to read one report and only read the last paragraph of the other report. Based on the one paragraph, it did orally find that Drescher was competent at the time he committed the offense. However, the court then only made one finding in its entry, i.e., it found that Drescher was competent to stand trial. It failed to find that Drescher was competent at the time of the offense.
 {¶ 18} Based on these facts, under our first limitation to correct an error under Crim.R 52(B), we find that the trial court erred, i.e., deviated from a legal rule.
 {¶ 19} Second, the court's two orders plainly provide that Drescher raised both issues under R.C. 2945.371. Further, the transcript of the hearing and the entry plainly show that the court failed to read the entire reports and failed to resolve both of the issues in its entry. Hence, under our second limitation to correct an error under Crim. R. 52(B), we find that the error is plain.
 {¶ 20} Finally, we address our third limitation to correct an error under Crim. R. 52(B). That is, did the court's plain error affect Drescher's substantial rights? Stated differently, did the court's plain error affect the outcome of the trial? Following the Olano definition, we find that the error did affect the outcome *Page 8 
of the trial. That is, we find that the court's failure to read the two reports and failure to make the proper findings in its entry "seriously affect[ed] the fairness, integrity or public reputation of [the] judicial proceedings[.]" It simply is not fair when the trier of fact fails to consider all the evidence and fails to make the proper findings. Therefore, we find that the plain error affected Drescher's substantial rights. Consequently, we find that all three prongs of the plain error test are satisfied.
 {¶ 21} However, even if a reviewing court finds that a forfeited error satisfies all three prongs of the plain error test, the court is not required to notice the error. Barnes, supra, at 27. Rather, the court retains discretion to decide whether it should correct the error. Id. A reviewing court should use its discretion under Crim. R. 52(B) to notice plain error "`with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" Id., quotingLong, supra, at paragraph three of the syllabus, and citingOlano at 736. And, the "manifest miscarriage of justice" must have"clearly affected the outcome of the trial." (Emphasis added.)Hill, supra, at syllabus.
 {¶ 22} Here, we do not choose to notice the error. We do not believe that a manifest miscarriage of justice occurred. That is, we do not believe that the court's error (not reading the entire R.C. 2945.371
reports) "clearly affected the outcome of the trial." If the court would have read the two reports, it would have made the same oral finding and the same written finding. Therefore, the outcome would have been the same. *Page 9 
 {¶ 23} In addition, based on the circumstances, the State and Drescher waived any right to have the court read the entire reports.
 {¶ 24} "Waiver is the intentional relinquishment or abandonment of a known right." State v. Pasqualone, ___ Ohio St.3d ___, 2009-Ohio-315, ¶ 13 (involving the right to confront a laboratory analyst), citingUnited States v. Olano (1993), 507 U.S. 725, 733. An attorney, on behalf of his client, may waive certain rights of his client. See, e.g., id. at paragraph one of the syllabus ("An attorney may waive a client's Sixth Amendment right to confrontation."). An attorney may accomplish the waiver under some circumstances without expressly waiving the right. See, e.g., id. at paragraph two of the syllabus (If the State complies with R.C. 2925.51 and a defendant fails to comply with R.C. 2925.51(C), then the defendant waives his opportunity to cross-examine the laboratory analyst.).
 {¶ 25} We would extend the holding in Pasqualone to cover the circumstances in this case. Here, the court expressly told the parties on the record that it was not going to read the entire R.C. 2945.371
reports. The court did exactly what it said that it was going to do. Eventually, the court found that Drescher was competent at the time of the offense and competent to stand trial. Drescher's and his counsel's actions and inactions throughout the remainder of the proceedings were consistent with the court's findings. Further, as stated earlier, the two reports were consistent with the court's findings. Therefore, Drescher's counsel, on behalf of Drescher, intentionally relinquished or abandoned a known right. Consequently, Drescher's counsel waived his right to have the court read the entire reports. *Page 10 
 {¶ 26} Other courts have also applied the concept of "implied waiver." For example, defendant's behavior constituted an implied waiver of hisMiranda rights in State v. Harris, Clermont App. No. CA2001-12-098, 2002-Ohio-5141, ¶ 18. See, also, State v. Rhubert (Jan. 22, 1999), Greene App. No. 98CA37. However, before a court can find implied waiver, the defendant's actions and/or inactions must show the same. See, e.g.,State v. Garris (1998), 128 Ohio App.3d 126, 131 ("Accordingly, the failure of the trial court to fully inform Garris of his responsibility to demand a jury trial prior to the date of trial violated Crim. R. 5(A)(5), and there is no evidence of Garris's knowledge shown by the record to serve as a foundation upon which an implied waiver of a jury trial might be based.").
 {¶ 27} Here, the court fully informed Drescher and his counsel that it was not going to entirely read the reports. Drescher's and his counsel's actions and inactions were consistent with an implied waiver.
 {¶ 28} Accordingly, we overrule Drescher's first potential assignment of error.
 III. {¶ 29} Drescher contends in his second potential assignment of error that the trial court erred when it overruled his motion to suppress. He asserts that his statement to the officer was not voluntary because (1) questioning occurred over an extended period of time, i.e., "about two hours[;]" (2) he was tired; and (3) he felt ill. *Page 11 
 {¶ 30} The denial of a motion to suppress involves mixed questions of law and fact. When considering a motion to suppress, the trial court assumes the role of the trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of the witnesses. State v. Mills (1992), 62 Ohio St.3d 357, 366. Consequently, in its review, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Guysinger (1993), 86 Ohio App.3d 592, 594. However, an appellate court determines as a matter of law, without deferring to the trial court's conclusions, whether these facts meet the applicable legal standard. State v. Klein (1991), 73 Ohio App.3d 486, 488.
 {¶ 31} Waiver of the Fifth Amendment right not to incriminate oneself must be made "voluntarily, knowingly and intelligently." Miranda v.Arizona (1966), 384 U.S. 436, 444. Absent evidence that coercive police conduct overcame a defendant's will and critically impaired his capacity for self-determination, we presume that a defendant's decision to waive his Fifth Amendment privilege was voluntary. State v. Dailey (1990),53 Ohio St.3d 88, 91-92. To determine whether a waiver was voluntary, the court must consider "the totality of the circumstances" and look specifically at the defendant's "age, mentality, and prior criminal experience; the length, intensity, and frequency of the interrogation; and the existence of physical deprivation or mistreatment; and the existence of any threat or inducement." State v. Edwards (1976),49 Ohio St.2d 31, paragraph two of the syllabus, vacated as to death penalty (1978), 438 U.S. 911. Evidence that the defendant signed a written waiver of his rights raises *Page 12 
a strong presumption that the waiver is valid. State v. Dennis (1997),79 Ohio St.3d 421, 425.
 {¶ 32} Here, thirty-five-year-old Drescher gave a videotaped statement to Ohio State Highway Patrol Trooper James Slusher. The next day he gave a separate unrecorded statement to Detective Denny Kirk who worked for the Highland County Sheriff's Office. At each interview, Drescher, who had "some college" education, signed a written waiver of his Fifth Amendment rights. Trooper Slusher and detective Kirk testified that Drescher understood his rights when he signed the waivers. The record does not contain any evidence of police coercion.
 {¶ 33} A review of the videotape shows that Drescher was alert throughout the long interview. At one point, Drescher did say that he was tired and did not feel good. However, trooper Slusher immediately gave Drescher the option of not continuing with the interview. Drescher chose to proceed.
 {¶ 34} In addition, a review of the transcript of the motion to suppress hearing and the videotape does not show any evidence of physical deprivation or mistreatment by the trooper or the detective. Further, it does not indicate that the trooper or detective threatened Drescher or offered him any inducement to make each of the two separate statements.
 {¶ 35} Therefore, after considering the totality of the above circumstances, we agree with the trial court that Drescher twice voluntarily waived his Fifth Amendment right to remain silent. That is, he voluntarily gave a statement to *Page 13 
trooper Slusher and voluntarily gave a separate statement one day later to detective Kirk.
 {¶ 36} Accordingly, we overrule Drescher's second potential assignment of error.
 IV. {¶ 37} Drescher contends in his potential third assignment of error that the trial court erred when it allowed him to withdraw his first "no contest" plea.
 {¶ 38} It is within the sound discretion of the trial court to grant or deny a pre-sentence motion to withdraw a guilty plea. State v.Xie (1992), 62 Ohio St.3d 521, paragraph two of the syllabus. We will not reverse a trial court's decision to grant a motion to withdraw a guilty plea absent an abuse of discretion. Id. at 527, citing State v.Adams (1980), 62 Ohio St.2d 151, 157. An abuse of discretion connotes more than an error of judgment; it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. In applying the abuse of discretion standard of review, we are not free to merely substitute our judgment for that of the trial court. In re Jane Doe I (1991),57 Ohio St.3d 135, 137-138, citing Berk v. Matthews (1990), 53 Ohio St.3d 161,169.
 {¶ 39} Crim. R. 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The Ohio Supreme Court has ruled that a trial court should "freely and liberally grant" a presentence motion to *Page 14 
withdraw a guilty plea. Xie at 527. However, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." Id. at paragraph one of the syllabus. Instead, the trial court "must conduct a hearing to determine whether there is a reasonable andlegitimate basis for the withdrawal of the plea." Id. (Emphasis added.)
 {¶ 40} In reviewing whether the trial court abused its discretion, we apply the following factors: "(1) whether the accused was represented by highly competent counsel; (2) whether the accused was given a full Crim. R. 11 hearing before entering the plea; (3) whether a full hearing was held on the withdrawal motion; and (4) whether the trial court gave full and fair consideration to the motion." State v. McNeil (2001),146 Ohio App.3d 173, 176, citing State v. Peterseim (1980),68 Ohio App.2d 211, 214. In addition, the following factors may influence our analysis: "(1) whether the motion was made within a reasonable time; (2) whether the motion set out specific reasons for the withdrawal; (3) whether the accused understood the nature of the charges and the possible penalties; and (4) whether the accused was perhaps not guilty or had a complete defense to the charges." McNeil, citing State v. Fish (1995),104 Ohio App.3d 236, 240. A change of heart or mistaken belief about his guilty plea is not a reasonable basis requiring a trial court to permit the defendant to withdraw his guilty plea. State v. Lambros (1988),44 Ohio App.3d 102, 103.
 {¶ 41} Here, Drescher requested the court to withdraw his first "no contest" plea at the beginning of his sentencing hearing. He said that he found out a no contest plea admits to the facts and that he did not want to admit to facts *Page 15 
that he did not commit. The court first explained to Drescher that anAlford plea would allow him to deny but still get sentenced. Drescher said that he still wanted to go to trial. After noting that the crime carried a possible life sentence, the court summarily granted Drescher's motion.
 {¶ 42} Drescher asserts that the court failed to conduct a full hearing to determine all the factors required by McNeil. For example, he maintains "that the few statements made regarding withdrawal of the plea show no legitimate or reasonable basis for permitting [him] to withdraw his plea."
 {¶ 43} A review of the record indicates that the court did not comply with McNeil because it failed to conduct a full hearing and consider all of the necessary factors. However, even though the trial court erred, "[a] party will not be permitted to take advantage of an error which he himself invited or induced." State v. Bey (1999), 85 Ohio St.3d 487,493, citing Hal Artz Lincoln-Mercury, Inc. v. Ford Motor Co. (1986),28 Ohio St.3d 20, paragraph one of the syllabus; State v. Seiber (1990),56 Ohio St.3d 4, 17. This rule is generally referred to as the "invited error doctrine." State v. Ellis, Scioto App. No. 06CA3071,2007-Ohio-2177, ¶ 27.
 {¶ 44} Here, Drescher requested or invited the court to withdraw his plea. He did not object to the summary way the trial court "freely and liberally grant[ed" his motion. See Xie at 527. Thus, he cannot now complain that the court carried out the very thing he requested.
 {¶ 45} Accordingly, because we find that Drescher invited the court's error, we overrule Drescher's third potential assignment of error. *Page 16 
 V. {¶ 46} In conclusion, after reviewing appointed counsel's three potential assignments of error and independently reviewing the entire record, we do not find any meritorious issues for appeal. Accordingly, we grant counsel's motion to withdraw; find this appeal wholly frivolous, and affirm the judgment of the trial court.
JUDGMENT AFFIRMED. *Page 17