10-1834-cr
United States v. Alli-Balogun

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of May, two thousand twelve.

PRESENT:  AMALYA L. KEARSE,
          JOHN M. WALKER, JR.,
          GERARD E. LYNCH,
                    *Circuit Judges.*

_____

UNITED STATES OF AMERICA,
                    *Appellee*,

       v.                                             No. 10-1834-cr

HAKEEM ALLI-BALOGUN, also known as
Ralph Badmus,
                    *Defendant-Appellant.*

_____

FOR APPELLANT:        NORMAN TRABULUS, New York, New York.

FOR APPELLEE:         AMY BUSA, Assistant United States Attorney (Stephen E. Frank, Peter A. Norling, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from the United States District Court for the Eastern District of New York

(Jack B. Weinstein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendant Hakeem Alli-Balogun appeals from his 2002 resentencing on one count of conspiracy to import heroin, in violation of 21 U.S.C. §§ 963 and 960(b)(3), and three counts of importing heroin, in violation of 21 U.S.C. §§ 952(a) and 960(b)(3). Alli-Balogun now argues through counsel that his original trial counsel was ineffective for failing to make certain arguments at a 1993 suppression hearing, and that his resentencing in 2002 was procedurally unreasonable because the judge failed to adequately explain the chosen sentence. Alli-Balogun also raises a variety of pro se arguments. We assume the parties' familiarity with the factual and procedural history of the case, and we elaborate that history only as necessary to illuminate this appeal.

Alli-Balogun was originally convicted by a jury in the Eastern District of New York in 1994 on the four counts set forth above, plus one count of violating 21 U.S.C. § 848(a) by engaging in a continuing criminal enterprise to import heroin. He was sentenced in 1995 to 360 months in prison. This court affirmed the conviction and sentence in its entirety. See United States v. Alli-Balogun, 72 F.3d 9 (2d Cir. 1995). In 1999, on Alli-Balogun's motion for post-conviction relief, Judge Weinstein vacated the § 848 count. After many delays, the district court resentenced Alli-Balogun in 2002 to 327 months. On his appeal, this court remanded for a determination under United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), of whether his 2002 sentence was affected by the fact that the Guidelines were then considered mandatory. See United States v. Alli-Balogun, No. 02-1449-cr (July 27, 2007)

2

(mandate filed in district court as Doc. No. 141). But at a September 23, 2009 hearing, Alli-Balogun himself, against the advice of counsel, affirmatively waived any right to a hearing or resentencing under <u>Crosby</u>. This appeal followed.

Alli-Balogun's first counseled argument is that his lawyer in the 1993 suppression hearing was constitutionally ineffective for failing to argue that the March 6, 1992 search of his business violated the Fourth Amendment because his wife's consent thereto was involuntarily given. Although a criminal defendant may sometimes raise an ineffective assistance of counsel claim on direct appeal if the record is sufficiently developed, <u>see</u>, <u>e.g.</u>, <u>United States v. Gaskin</u>, 364 F.3d 438, 467-70 (2d Cir. 2004), and if he does not raise such a claim on direct appeal, he may raise it in a habeas petition, <u>see</u>, <u>e.g.</u>, <u>Massaro v. United States</u>, 538 U.S. 500 (2003), Alli-Balogun did not do either. He now attacks the actions of his 1993 counsel, whom he fired in 1994 and who was not involved in his 1995 appeal or any later proceeding. Alli-Balogun was represetned by new counsel in connection with his 1999 habeas petition that raised other grounds; but his IAC claim has never been presetned to the district court. Because it is raised for the first timeon this appeal, it is reviewable at most for plain error.

We will reverse for plain error only where there was "1) an error; 2) that was plain; 3) that affected defendant's substantial rights; and 4) that seriously affected the fairness, integrity or public reputation of judicial proceedings." <u>Id</u>., quoting <u>United States v. Morris</u>, 350 F.3d 32, 36 (2d Cir. 2003). Alli-Balogun has not met this standard because he has not shown constitutionally deficient assistance of counsel under <u>Strickland v. Washington</u>, 466

U.S. 668 (1984).  A Strickland claim requires showing both that "counsel's representation fell below an objective standard of reasonableness under prevailing professional norms," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Lynn v. Bliden, 443 F.3d 238, 247 (2d Cir. 2006), citing Strickland, 466 U.S. at 688, 694.  But Alli-Balogun cannot meet the second Strickland prong because the suppression arguments he now claims his counsel should have made are meritless.

At the June 3, 1993 suppression hearing, Special Agent Patrick Ahearne, who had conducted the 1992 search, testified that Alli-Balogun's wife, Kehinde Badmus, had consented to the search of his business.  Alli-Balogun now argues that his counsel should have objected to Ms. Badmus's consent because a group of several agents made a "show of authority" by announcing themselves as police and by momentarily entering a few steps into the apartment before Ms. Badmus consented.  But the evidence shows that Ms. Badmus was "relaxed" and that she did not hesitate to give her consent.  There is no indication of force or intimidation – Ahearne calmly knocked and announced "police," after which Ms. Badmus opened the door, and although Ahearne stepped inside, Ms. Badmus consented almost immediately.  Under the totality of the circumstances, see Schneckloth v. Bustamonte, 412 U.S. 218, 227 (1973), including the fact that Ms. Badmus was an adult, the ordinary time of day, the business setting of the search, her sound mental and emotional condition, and her ready acquiescence, there is no reasonable probability that the district court would have found her consent involuntary if defense counsel had made the arguments Alli-Balogun now

4

claims should have been made. In any event, given Agent Ahearne's testimony, it is entirely understandable that Alli-Balogun's counsel made the strategic decision to focus on a narrower ground – the scope of Ms. Badmus's consent. Strickland grants no license to question counsel's strategic decisions. See Rosario v. Ercole, 601 F.3d 118, 129-30 (2d Cir. 2010) (dissenting opinion), citing Strickland, 466 U.S. at 690. We thus find no error, plain or otherwise, on the ineffective assistance claim.

Alli-Balogun's second counseled argument challenges the procedural reasonableness of his 2002 resentencing. He argues that Judge Weinstein did not adequately explain the reasons for his revised 327-month sentence. This argument is also meritless. Under 18 U.S.C. § 3553(c), a district court must explain the reasons for the sentence it selected. See generally United States v. Cavera, 550 F.3d 180, 192-93 (2d Cir. 2008) (en banc). But the district court need only give an explanation that satisfies the appellate court "that [the district court] has 'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" Id., quoting Rita v. United States, 551 U.S. 338, 356 (2007). Here, Alli-Balogun did not contemporaneously object to the judge's explanation of the sentence, so we review only for plain error. Again we find none. Judge Weinstein explained that he selected the sentence, which fell at the top of the then-mandatory guidelines range, because Alli-Balogun's crime was "one of the worst conspiracies with respect to international drug smuggling that the Court observed." Judge Weinstein recalled that he had presided over the 1994 trial and 1995 sentencing and that Alli-Balogun was "an organizer and leader of an international, very widespread and cruel system" of using women, including prostitutes, from all over the world as drug couriers.

5

Alli-Balogun argues that this reasoning is facially inconsistent with Judge Weinstein's statement at the original 1995 sentencing that "20 years [was] plenty" for the charge, but when that remark is read in its full context, there is no inconsistency. At the 1995 sentencing, the judge went on to say that "I don't agree with you that Congress would have been happy to [see] him get 20," and that the conspiracy was "particularly cold blooded" in its "nefarious activities" and well-organized investment hierarchy. The judge expressed concern about the fact that Alli-Balogun had transformed from a "respected businessman" to a "critical leader" and "central figure" in the conspiracy, which could not have gone forward without him. The court then imposed the original 360-month sentence. The district court's rationale for its 2002 sentence was thus not inconsistent with its discussion in 1995.

Because Alli-Balogun affirmatively waived any questions related to mandatory guidelines application by waiving a <u>Crosby</u> hearing, any objection to Judge Weinstein's apparent reliance in 2002 on the guidelines range has been waived. The court's imposition of a sentence at the top of the range based on the reasons it gave was not error, let alone plain error.

Finally, Alli-Balogun makes a number of pro se arguments. Most of these arguments – including his attacks on evidentiary rulings and jury instructions at trial, alleged misconduct by the prosecutor and defense counsel, the court's failure to dismiss the indictment, and the denial of the suppression motion – are barred by the law of the case doctrine. The law of the case doctrine "ordinarily prohibits a party, upon resentencing or an appeal from that resentencing, from raising issues that he or she waived by not litigating

6

them at the time of the initial sentencing." United States v. Williams, 475 F.3d 468, 475 (2d Cir. 2007), quoting United States v. Quintieri, 306 F.3d 1217, 1229 (2d Cir. 2002). The doctrine also bars, a fortiori, arguments that a party did raise previously without success. See id. This matter is now before this Court only because of Alli-Balogun's 2002 resentencing; correlatively, Alli-Balogun may now raise only arguments relating to that resentencing, not arguments attacking his 1994 conviction. The remaining pro se arguments are waived by his waiver of the Crosby hearing or are not properly before us because they relate to separate collateral proceedings in the district court. Alli-Balogun's attack on the district court's jurisdiction based on a defect in the indictment is also meritless. Alleged errors in the indictment are not "jurisdictional" and are subject to the same law of the case principles set forth above. See United States v. Cotton, 535 U.S. 625 (2002) (unobjected-to errors in indictment are subject to plain error review on appeal).

We have considered all of Alli-Balogun's counseled and pro se contentions that are properly before us and have found them to be without merit. For the foregoing reasons, the judgment of conviction is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7