[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10741
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cv-00128-LGW-JEG

DARRYL JOHNSON,

Petitioner-Appellant,

versus

WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(December 31, 2013)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Darryl Johnson, a federal prisoner, appeals from the district court's dismissal

of his pro se 28 U.S.C. § 2241 habeas corpus petition.  In the underlying criminal

case in the Western District of New York, Johnson entered into a plea agreement in

which he waived his right to pursue relief under 28 U.S.C. § 2255.  He pled guilty to one count of a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), one count of conspiracy to commit a RICO violation, one count of a continuing criminal enterprise involving narcotics, three counts of a continuing criminal enterprise involving murder, one count of conspiracy to distribute narcotics, one count of murder for hire, and one count of possession with intent to distribute narcotics.  In 1995, he was sentenced to multiple terms of life imprisonment.  He subsequently challenged his conviction in a § 2255 motion, which was dismissed in 2001 based on a finding that his plea-agreement waiver was enforceable, and that, in any event, his substantive arguments failed.

On appeal, Johnson argues that the district court erred in three ways in dismissing the instant § 2241 petition:  (1) he had no genuine opportunity to challenge his convictions or sentences under § 2255 because of his plea agreement waiver; (2) the court in which he was convicted erred under Richardson v. United States, 526 U.S. 813 (1999), a retroactively applicable Supreme Court case, because it did not find that he committed each of the individual violations necessary to make up his continuing criminal enterprise offenses; and (3) his conviction for attempt to commit a racketeering conspiracy was invalid because "attempt to conspire" is a non-existent offense.  After thorough review, we affirm.

2

We review de novo the availability of relief under § 2241. Darby v. Hawk Sawyer, 405 F.3d 942, 944 (11th Cir. 2005). A prisoner typically collaterally attacks the validity of his federal sentence by filing a § 2255 motion in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). If a prisoner has failed to seek or already has been denied relief on a § 2255 motion, the "savings clause" in § 2255(e) bars him from filing a § 2241 petition unless he shows that a § 2255 motion would be "inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e); Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008) (explaining that "a § 2255 motion is the exclusive remedy for a federal prisoner to collaterally attack his conviction and sentence, except in the rare cases where it is inadequate to do so"). The restrictions in the savings clause of § 2255(e) are jurisdictional. Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1340 (11th Cir. 2013).

The petitioner bears the burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Turner v. Warden Coleman FCI, 709 F.3d 1328, 1333 (11th Cir.), cert. denied, 133 S.Ct. 2873 (2013). The unavailability of relief due to the restriction on second or successive § 2255 motions does not establish that § 2255 relief is inadequate. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 2006). In Wofford, we determined that § 2255 is "inadequate or ineffective" under the savings clause when (1) a claim is based

3

upon a retroactively applicable Supreme Court decision; (2) the holding of the Supreme Court establishes that the petitioner was convicted of a non-existent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the trial, appeal, or first § 2255 motion. Id. at 1244. We later clarified that Wofford's three-step test was dicta. Gilbert v. United States, 640 F.3d 1293, 1319 (11th Cir. 2011) (en banc). However, we have since interpreted Wofford's holding to impose two necessary, but not sufficient, steps to qualify under the savings clause: (1) the prisoner must present a retroactively applicable Supreme Court decision; and (2) that decision must have overturned circuit precedent that resolved his claim in a way that prevented him from bringing it at trial, on appeal, or in his first § 2255 motion. Williams, 713 F.3d at 1341-44.

First, we are unconvinced by Johnson's claim that he had no genuine opportunity to challenge his convictions or sentences under § 2255 because of his plea agreement waiver. As the record shows, Johnson did not raise this argument in the district court, so we do not consider it now. See Hurley v. Moore, 233 F.3d 1295, 1297 (11th Cir. 2000) (noting that "[a]rguments raised for the first time on appeal are not properly before this Court"). Regardless, we have held that the bar on second or successive § 2255 motions in § 2255(h) is not sufficient to demonstrate inadequacy or ineffectiveness for the purposes of § 2255(e); thus, a

4

voluntary waiver of the right to bring a § 2255 motion similarly would not render that remedy inadequate.  Wofford, 177 F.3d at 1245.

We also conclude that the district court properly determined that Johnson failed to establish that a motion under § 2255 would be "inadequate or ineffective" to address the legality of his detention.  Indeed, Johnson has failed to meet the Wofford test (as articulated recently in Williams) with regard to his Richardson arguments -- specifically, he has failed to satisfy Wofford's second requirement that the Second Circuit's case law precluded his argument before the Supreme Court decided Richardson.  Williams, 713 F.3d at 1343.  While Richardson did resolve a circuit split, that split did not involve a decision by the Second Circuit. See Richardson, 526 U.S. at 816.  In fact, after Johnson's guilty plea and sentencing, the Second Circuit noted that it had not yet addressed the issue.  See United States v. Alli-Balogun, 72 F.3d 9, 12-13 (2d Cir. 1995) (determining that the failure to give a unanimity instruction as to a continuing criminal enterprise charge was not plain error, as neither the Second Circuit nor the Supreme Court had addressed the issue, and declining to decide whether such an instruction was required).  In short, Johnson has failed to demonstrate that any of his claims

qualified under the savings clause to allow him to bring a § 2241 petition to collaterally challenge his convictions.[1]

**AFFIRMED.**

---

[1]    Finally, as for Johnson's argument that "attempt to conspire" is a non-existent offense, it has no merit since, among other things, Johnson was not convicted of "attempt to conspire."