17-3081-cr
United States v. Ely

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of March, two thousand twenty-two.

PRESENT: ROBERT D. SACK,
RAYMOND J. LOHIER, JR.,
WILLIAM J. NARDINI,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                          No. 17-3081-cr

LEONARD ELY,

*Defendant-Appellant*.

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT: Randall D. Unger, Kew Gardens, NY

FOR APPELLEE: Susan Corkery, Mark E. Bini, Assistant United States Attorneys, *for* Breon S. Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Roslynn R. Mauskopf, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is VACATED and REMANDED in part and AFFIRMED in part.

Leonard Ely appeals from a September 19, 2017 judgment of conviction entered by the United States District Court for the Eastern District of New York (Mauskopf, J.) after Ely pleaded guilty to Hobbs Act robbery conspiracy, Hobbs Act robbery, and use of a firearm during one or more crimes of violence. As relevant to this appeal, the District Court imposed a term of supervised release that included a special condition requiring Ely to complete inpatient or outpatient drug treatment ("special condition 6") and also ordered Ely to pay

2

$3,700 in restitution to victims of the robberies. On appeal, Ely challenges the District Court's restitution order and special condition 6.[1] We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to vacate and remand in part and affirm in part.

**I.        Special condition 6**

The District Court's special condition 6 ordered Ely to "participate in an outpatient and/or inpatient drug treatment or detoxification program approved by the U.S. Probation Department." App'x 205. Ely and the Government agree that the District Court erred by delegating to the Probation Department the authority to determine whether the treatment program would be inpatient or outpatient. Because inpatient drug treatment entails a significantly greater restriction on a defendant's liberty than outpatient treatment, a district court's "delegation to the Probation Department of the discretion to require either inpatient or outpatient drug treatment [is] an impermissible delegation of

---

[1] After Ely initially appealed, his appellate counsel moved for permission to withdraw as counsel pursuant to Anders v. California, 386 U.S. 738 (1967). We denied the motion and ordered additional briefing on the two issues that Ely now raises on appeal.

judicial sentencing authority." United States v. Matta, 777 F.3d 116, 123 (2d Cir. 2015). We therefore vacate this portion of the sentence and remand to the District Court for the District Court to itself determine whether Ely should receive inpatient or outpatient drug treatment and to ensure that special condition 6 "involves no greater deprivation of liberty than is reasonably necessary." 18 U.S.C. § 3583(d)(2); see also U.S.S.G. § 5D1.3.

**II.    Restitution order**

Ely separately argues that the District Court erred when it imposed a $3,700 restitution order, which included $3,100 due to his participation in the Hobbs Act robbery conspiracy and $600 for his participation in the substantive Hobbs Act robbery. We apply plain error review where, as here, the "defendant fail[ed] to object to the restitution order at the time of sentencing." United States v. Zangari, 677 F.3d 86, 91 (2d Cir. 2012).

As relevant to this appeal, the Mandatory Victims Restitution Act (MVRA) mandates restitution for "crime[s] of violence, as defined in [18 U.S.C. § 16]," 18 U.S.C. § 3663A(c)(1)(A)(i), and "offense[s] against property . . . including any offense committed by fraud or deceit," id. § 3663A(c)(1)(A)(ii). Ely acknowledges

4

that the District Court properly ordered $600 in restitution for his substantive Hobbs Act robbery conviction because it qualifies as an offense against property and a crime of violence under the MVRA. See Appellant Reply Br. 2–3; United States v. Razzouk, 984 F.3d 181, 188 (2d Cir. 2020); United States v. Hill, 890 F.3d 51, 60 (2d Cir. 2018). But he challenges the remaining $3,100 in restitution for the Hobbs Act robbery conspiracy conviction on the ground that Hobbs Act robbery conspiracy is neither a crime of violence, see United States v. Barrett, 937 F.3d 126 (2d Cir. 2019) (applying United States v. Davis, 139 S. Ct. 2319 (2019)), nor an offense against property.

We need not resolve whether Hobbs Act robbery conspiracy is subject to the MVRA, however, because we conclude, on plain error review, that Ely failed to show that any error in ordering restitution under the MVRA was "clear or obvious, rather than subject to reasonable dispute." Zangari, 677 F.3d at 95 (quotation marks omitted). There is no precedent from our Court or the Supreme Court or consensus among our sister courts about whether Hobbs Act robbery conspiracy qualifies as an offense against property under the MVRA. Thus, any hypothetical error was not "clear under current law." United States v.

5

Alli-Balogun, 72 F.3d 9, 12 (2d Cir. 1995) (quotation marks omitted); see also United States v. Brown, 352 F.3d 654, 664 & 665 n.10 (2d Cir. 2003) (noting the "difficulty of . . . finding plain error where this circuit has not previously spoken on an issue and there is no discernible consensus among other circuits").

Ely also argues that the District Court failed to consider his ability to pay restitution. As Ely acknowledges, however, the MVRA mandates restitution "without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A) (emphasis added). And even assuming that the MVRA did not apply to Ely's case and that the District Court instead was required to consider Ely's ability to pay before ordering restitution under the Victim and Witness Protection Act (VWPA), 18 U.S.C. § 3663(a)(1)(B)(i)(II), the District Court satisfied that requirement when it declined to impose a fine "based at least in part on a consideration of the defendant's ability to pay" and created a payment schedule that accounted for Ely's lack of resources, United States v. Harris, 302 F.3d 72, 75–76 (2d Cir. 2002); see also United States v. Allen, 201 F.3d 163, 168 (2d Cir. 2000). We therefore find no plain error in the District Court's restitution order.

We have considered Ely's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is VACATED and REMANDED in part and AFFIRMED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court