22-320
United States v. Reyes-Arzate

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of October, two thousand twenty-four.

PRESENT:
        GUIDO CALABRESI,
        JOSÉ A. CABRANES,
        MYRNA PÉREZ,
                *Circuit Judges.*

---

UNITED STATES OF AMERICA,

        *Appellee*,

        v.                                                                No. 22-320

IVAN REYES-ARZATE,

        *Defendant-Appellant*.

---

FOR APPELEE:                    PHILIP N. PILMAR (Susan Corkery, *on the brief*), Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

FOR DEFENDANT-APPELLANT:         ROBIN C. SMITH (Leean Othman, *on the brief*), Law Office of Robin C. Smith, Esq., P.C., Mill Valley, CA.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **AFFIRMED**.

Following a guilty plea to a count of conspiracy to import and distribute cocaine, Defendant-Appellant Ivan Reyes-Arzate appeals two conditions of supervised release the district court imposed. Specifically, he contests the constitutionality of the conditions (1) that he not possess firearms and (2) that he notify individuals that he poses a risk to them if a probation officer and court determine he must. We hold that Reyes-Arzate cannot satisfy plain-error review for the firearm condition and that his challenge to the risk-notification condition is not ripe. Accordingly, we affirm the judgment of the district court.

## BACKGROUND

In January 2020, a grand jury returned an indictment charging Reyes-Arzate with three criminal counts in connection with an international conspiracy to import and distribute cocaine. According to the Presentence Investigation Report, Reyes-Arzate was the commander of the Sensitive Investigative Unit ("SIU") of the Mexican Federal Police. The SIU comprised U.S.-vetted Mexican Federal Police personnel who worked with the United States to combat narcotics

2

trafficking, money laundering, and other illicit activities. As commander, Reyes-Arzate was the principal point of contact for information sharing between the SIU and the U.S. government. Leveraging his access, in 2016, Reyes-Arzate accepted a bribe in exchange for providing a major drug trafficking organization, El Seguimiento 39, sensitive information about a U.S.-led investigation into its operations.

Reyes-Arzate subsequently pleaded guilty to the indictment's first count, conspiracy to internationally distribute cocaine in violation of Sections 963, 960(b)(2)(B)(ii), and 959(d) of Title 21. In exchange, the government dropped the other charges. The district court accepted Reyes-Arzate's plea and sentenced him to ten years in prison, followed by four years of supervised release with certain conditions.

Reyes-Arzate timely appealed the two supervised-release conditions before us now. We assume the parties' familiarity with the remaining underlying facts and the procedural history, which we recount only as necessary to explain our decision.

**STANDARD OF REVIEW**

Because Reyes-Arzate did not object to any of the conditions the district court imposed at sentencing, *see* App'x 66–68, we review for plain error. *United States v. Dupes*, 513 F.3d 338, 343 (2d Cir. 2008).[1] There "can[not] be plain error when the Supreme Court and this court have not spoken on the subject, and the authority in other circuit courts is split." *United States v. Alli-Balogun*, 72 F.3d 9, 12 (2d Cir. 1995). However, "whether a legal question was settled or unsettled at the time of trial, it is enough that an error be plain at the time of appellate consideration

---

[1] At oral argument, Reyes-Arzate's counsel stated that Reyes-Arzate had notice of both conditions prior to sentencing. Oral Arg. Audio Recording at 5:44–6:13.

3

for the second part of the four-part *Olano* test [for determining whether an appellate court may correct a forfeited error] to be satisfied." *Henderson v. United States*, 568 U.S. 266, 279 (2013) (internal quotation marks and brackets omitted) (discussing *United States v. Olano*, 507 U.S. 725 (1993)).

**DISCUSSION**

The district court mandated that Reyes-Arzate "not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon" during his term of supervised release. It also required Reyes-Arzate to comply, on supervised release, with instructions to notify persons to whom the probation officer and the court "determine[]" Reyes-Arzate "pose[s] a risk." We consider Reyes-Arzate's constitutional challenges to each of these conditions in turn.

I. **The District Court Did Not Plainly Err in Imposing the Firearm Condition**

With respect to the firearm prohibition, we find no plain error to correct on appeal. Reyes-Arzate argues that the supervised-release condition is based on Section 922(g)(1) of Title 18, which criminalizes the possession of firearms by individuals who have previously been convicted of certain felonies. 18 U.S.C. § 922(g)(1). Reyes-Arzate asserts that a pair of Supreme Court decisions handed down since his conviction—*New York State Rifle & Pistol Association v. Bruen,* 597 U.S. 1 (2022), and *United States v. Rahimi*, 144 S. Ct. 1889 (2024)— support his argument that both the statute and the condition are unconstitutional. *See* Oral Arg. Audio Recording at 4:43–5:00 (discussing *Rahimi*'s application to this appeal).

The government, for its part, has advised us that it does not base its defense of the condition on the argument that we are more tolerant of certain burdens placed on a defendant in the supervised release context than outside of it. *See* Oral Arg. Audio Recording at 14:00–14:43; *cf.*

*United States v. Farooq*, 58 F.4th 687, 695 (2d Cir.) (explaining that terms that would be unconstitutional "when cast as a broadly-applicable criminal prohibition" may be "permissible when imposed on an individual as a condition of supervised release" (citation omitted)), *cert. denied*, 143 S. Ct. 2677 (2023). Rather, it argues that given a split in circuit authorities on the constitutionality of Section 922(g)(1), any error the district court committed cannot be plain.

We agree. The imposition of the condition was not understood to constitute error at the time of Reyes-Arzate's sentencing. *See United States v. Bogle*, 717 F.3d 281, 281-82 (2d Cir. 2013) ("join[ing] every other circuit to consider the issue in affirming that § 922(g)(1) is a constitutional restriction"). And regardless of whether we hold Section 922(g)(1) unconstitutional in other, pending cases, any such error would not be plain now. *Cf. Henderson*, 568 U.S. at 279. That is because since the Supreme Court's decision in *Rahimi*, 144 S. Ct. 1889, "the Supreme Court and this court have not spoken on the subject, and the authority in other circuit courts is split." *See Alli-Balogun*, 72 F.3d at 12.

In light of its recent decision in *Rahimi*, the Supreme Court granted, vacated, and remanded a number of petitions for certiorari concerning the constitutionality of Section 922(g)(1). *See, e.g.*, *Range v. Att'y Gen. United States of America*, 69 F.4th 96, 98 (3d Cir. 2023), *cert. granted, judgment vacated sub nom. Garland v. Range*, 144 S. Ct. 2706 (2024); *United States v. Cunningham*, 70 F.4th 502, 504 (8th Cir. 2023), *cert. granted, judgment vacated*, 144 S. Ct. 2713 (2024); *Vincent v. Garland*, 80 F.4th 1197, 1199 (10th Cir. 2023), *cert. granted, judgment vacated*, 144 S. Ct. 2708 (2024). Since then, at least one circuit has confirmed the statute's constitutionality. *See United States v. Diaz*, 116 F.4th 458, 472 (5th Cir. 2024). This Circuit, however, is still considering the question. Consequently, without clear guidance that the statute

5

is unconstitutional, we cannot say it was plain error to impose an analogous supervised-release condition.   *See Alli-Balogun*, 72 F.3d at 12.

Accordingly, we affirm the firearm prohibition as a condition of Reyes-Arzate's supervised release.

## II.   <u>Reyes-Arzate's Challenge to the Risk-Notification Condition Is Not Ripe</u>

We also conclude that circuit precedent forecloses Reyes-Arzate from challenging, at this stage, the purported vagueness of the risk-notification condition.   Until the district court approves a probation officer's recommendation that Reyes-Arzate be required to notify any persons of the risk he poses, the condition "merely restates what courts are already authorized to do"—that is, impose a new supervised-release condition upon making certain findings.   *See United States v. Traficante*, 966 F.3d 99, 106 (2d Cir. 2020) (noting there is an "ever-present possibility that the district court could modify the terms" of a defendant's supervised release).   But until the court actually enters a risk-notification order, the harm, if any, remains "an abstraction."   *Id*. Conversely, if the court does direct the defendant to provide such notice, at that point, in all likelihood "the condition will no longer be vague at all."   *Id*.; *accord United States v. Birkedahl*, 973 F.3d 49, 57 (2d Cir. 2020); *United States v. Rasheed*, 981 F.3d 187, 200 (2d Cir. 2020).

Because Reyes-Arzate's appeal of this condition is not ripe, we do not reach his argument on the merits.

\*        \*        \*

6

We have considered Appellant's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court